**INTERSTATE COMMERCE COMMISSION, Plaintiff-Appellee,**

v.

**RIO GRANDE GROWERS COOPERA- TIVE, a corporation, Defendant,**

**San Joaquin Valley Growers Coop., Inc., and Stan Anderson, Respondents-Appellants.**

No. 75-3700.

United States Court of Appeals, Ninth Circuit.

Oct. 17, 1977.

Amended Nov. 17, 1977.

Harrison W. Hertzberg, of Kaplan, Hertzberg & Koslow, Los Angeles, Cal., for respondents-appellants.

Miles L. Kavaller, Los Angeles, Cal., for plaintiff-appellee.

Before TRASK, WALLACE and AN- DERSON, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

In January 1974 the ICC filed a complaint against Rio Grande, alleging that Rio Grande was transporting property without proper authority and that Rio Grande was

not a proper agricultural cooperative to escape ICC regulation. In February 1974 Rio Grande was served with process.

The record shows that Rio Grande was largely financed and operated by Stan Anderson. He characterized himself as "managing agent" (R.T. 105) and at one time represented himself as president.

Stan Anderson abandoned Rio Grande shortly after the ICC began its action. He then incorporated a new corporation called San Joaquin Valley Growers Cooperative, Inc. He was the president, an incorporator, and director of San Joaquin and operated it much the same as he operated Rio Grande. The two companies' articles of incorporation are nearly identical.

On June 13, 1974, a judgment was entered against Rio Grande which, among other things, perpetually enjoined and restrained Rio Grande from transporting property without authority from the Interstate Commerce Commission or holding itself out as an agricultural cooperative within the meaning of the Agricultural Marketing Act of 1929 [12 U.S.C. § 1141j].

This injunction was ordered against:

"Rio Grande Valley Growers Cooperative, *its agents, employees*, and representatives, and all entities and persons, real, fictitious or corporate, and its respective officers, agents, servants, employees, *and its successors*, and representatives, in concert or participation with it, . . . ."
(C.R. 33) (emphasis added)

Stan Anderson acknowledged receipt of the judgment and injunction in December of 1974. He nevertheless continued to operate the San Joaquin Cooperative.

On October 10, 1975, upon petition of the ICC, an order was filed requiring San Joaquin and Stan Anderson to show cause why they should not be found in civil contempt of the judgment entered on June 13, 1974.

On December 1, 1975, the district court below held both San Joaquin and Stan Anderson in civil contempt. The court also permanently enjoined them from transporting unauthorized property in interstate commerce. They appeal this judgment. We affirm.

We hold that the district court properly found that Stan Anderson and San Joaquin were in contempt of the June 13, 1974, judgment. There is an abundance of evidence in the record which shows that Stan Anderson was an "agent" or "employee" of Rio Grande and that San Joaquin was a "successor" organization to Rio Grande. As such they were bound by the prior permanent injunction and judgment. To find otherwise on this evidence would be to allow San Joaquin and Stan Anderson to nullify the court's decree and circumvent the ICC's regulations by carrying out prohibited acts through successive corporations not party to the original actions. This we cannot accept. *See, Regal Knitwear Co. v. N. L. R. B.*, 324 U.S. 9, 14, 65 S.Ct. 478, 89 L.Ed. 661 (1945) and Federal Rule of Civil Procedure 65(d).

Finding no error or abuse of discretion, we

AFFIRM.