**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Harry A. SCHAFER,**
**Defendant-Appellant.**

**No. 78–1392.**

United States Court of Appeals,
Ninth Circuit.

May 23, 1979.

Chris McKenna, Asst. U. S. Atty. (argued), Seattle, Wash., for plaintiff-appellee.

Donald G. Ryan, Jr. (argued), Auburn, Wash., for defendant-appellant.

Before TRASK and SNEED, Circuit Judges, and SKOPIL,* District Judge.

TRASK, Circuit Judge.

Appellant, Harry A. Schafer, appeals from his conviction on ten counts of criminal contempt, 18 U.S.C. § 401(3), resulting from charges that he violated a consent order dated January 6, 1975, enjoining him from providing transportation of freight over public highways in foreign or interstate commerce without authority from the Interstate Commerce Commission (ICC).

On March 22, 1974, the ICC filed a civil action against appellant d/b/a Golden West Equipment Rentals requesting an order enjoining Schafer from providing transportation for hire without authority from the Commission. Schafer had been in the trucking business for 14 years during which time he had never obtained any authority from the ICC to engage in the trucking business either as Golden West Equipment Rentals, or as Tamarack Enterprises, another of his unincorporated trucking ventures.

On January 6, 1975, after an investigation by the ICC and with advice of counsel, Schafer consented to the following judgment order:

"IT IS ORDERED, ADJUDGED, AND DECREED that the defendant, H. A. Schafer, individually, or H. A. Schafer d/b/a Golden West Equipment Rentals, or otherwise, his agents, employees, and representatives, and all entities and persons, real, fictitious or corporate, and their respective officers, agents, servants, employees, and their successors, and representatives, in active concert or participation with him, be perpetually enjoined and restrained from, in any manner, or by any device, individually, or in concert or participation with others, directly or indirectly, transporting or holding out to transport property, or arranging, providing or furnishing transportation, or holding out to arrange, provide or furnish transportation of property by motor vehicle in interstate or foreign commerce over or upon public highways for the general public for compensation unless and until such time, if at all, as there is in force and effect with respect to said defendant and said transportation a certificate of public convenience and necessity or permit or other appropriate form of authority issued by said Commission authorizing such transportation where such authority is required; . . ." C.T. at 18.

Following the entry of the consent order, Schafer incorporated Golden West Equipment Rentals, Inc. (Golden West) and Tamarack Enterprises, Inc. (Tamarack). The defendant was the president and director of each operation and later added a third corporation, Custom Carriers, Inc. (Custom), which was organized to obtain ICC approval as a contract carrier. The investigation to obtain this authority was what disclosed the other derelictions which had been continuing over the past ten years.

Twenty-five instances of transportation were found to have taken place in violation of the rules and regulations of the ICC, ten of which were included as being sufficiently clear to be a part of the evidentiary material in the hearing on contempt charges. Each of the ten instances involved transportation performed by Golden West equipment operated by drivers furnished by Tamarack. Appellant never sought modification of the consent order issued in civil proceeding or otherwise sought to reopen that matter. The trial court found:

"The activities of the defendant in this so-called leasing arrangement with Portco or Peerless, and others, was a pure sham. From the testimony stated, it was news to Portco. I guess about the only people that knew that the rental agreement was going on was the defendant, Mr. Schafer, and a couple of his drivers.

* Honorable Otto R. Skopil, Jr., United States District Judge, for the District of Oregon, sitting by designation.

And it was done for one reason, and one reason only, to continue in the transportation business without having the permit."

R.T. at 172.

The trial below was to the court and not to a jury, the government having stated that it would not seek a jail sentence in excess of six months. At the trial, a stipulation was introduced in evidence which recited that as to each instance of transportation, the transportation was performed by Golden West equipment and operated by drivers furnished by Tamarack. Based upon the stipulation, the testimony of the appellant, and other oral testimony from drivers and customers, the defendant was adjudged guilty of contempt on all ten counts. He was sentenced to pay a fine of $7,000 on each count, with the fines as to Counts II through X suspended. No jail sentence was imposed.

■ The defendant relies upon three principal arguments on appeal. He argues that the injunction represented by the consent decree issued on January 6, 1975, was too vague to comply with Rule 65(d).[1] We note at this point that the defendant negotiated for and consented to the entry of the decree and took no steps to modify it. He is now in no position to object to it or to rely on the vagueness of its language as a defense. *United States ex rel. Shell Oil Co. v. Barco Corp.,* 430 F.2d 998 (8th Cir. 1970). *See also United States v. Christie Industries, Inc.,* 465 F.2d 1002, 1012 (3d Cir. 1972). The dispositive case in this circuit is *Interstate Commerce Commission v. Rio Grande Growers Cooperative,* 564 F.2d 848 (9th Cir. 1977).

The appellant had the benefit of counsel when he signed the consent decree on January 6, 1975. It is not written in terms so vague and uncertain that neither appellant nor his lawyer could understand it. It was specific in stating what appellant could and could not do, it told him that what he could

not do directly, he also could not do indirectly. We find it impossible to believe that an operator in this highly competitive field with the help of his own counsel and with 14 years of operating experience would not know that he was treading on dangerous ground. *See C. F. & I. Steel Corp. v. United Mine Workers of America,* 507 F.2d 170 (10th Cir. 1974). The court below said of the instrument:

"While it may be said that the order was general in nature, it was specific with respect to what the defendant, Mr. Schafer, could not do, and I find it difficult to believe that anybody with any reasonable ability to read and understand, could find any difficulty with interpreting it."

R.T. at 171.

We agree.

■ Secondly, the appellant argues that the evidence was not sufficient to permit conviction. He points out that it is the type of evidence, not the quantum, that is controlling. By either measure he fails to provide a convincing case. Drivers testified to false documents prepared by appellant for the purpose of avoiding the ICC's certification requirements. *See United States v. Greyhound Corp.,* 508 F.2d 529 (7th Cir. 1974). Finally, appellant complains about the introduction into evidence of the stipulation as an admission that he had committed twenty-five violations of ICC regulations including the ten which were the basis of the criminal contempt proceeding. Federal Rule of Evidence 801(d)(2) was relied upon for the offer and the ruling permitting the introduction of the stipulation. It is difficult to understand just what argument could be advanced to exclude it where appellant admitted the twenty-five violations including the ten upon which the charges were sustained.

Upon consideration of the entire record we find the evidence amply sustains the criminal contempt proceedings and the judgment is therefore AFFIRMED.

---

1. Rule 65(d) states in pertinent part:

"Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained . . . ."