### State of Vermont v. Pownal Tanning Co.

[459 A.2d 989]

No. 82-004

Present: Barney, C.J., Billings, Hill and Underwood, JJ., and Costello, D.J., Specially Assigned

Opinion Filed March 28, 1983

*John J. Easton, Jr.,* Attorney General, and *J. Wallace Malley, Jr.,* Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

*Langrock Sperry Parker & Wool,* Middlebury, for Defendant-Appellant.

**Underwood, J.** This is an appeal by the defendant, Pownal Tanning Company, of an order of the Bennington Superior Court finding it in contempt of court. The dispute originates from a civil suit filed by the State of Vermont in January of 1980 to abate long-standing nuisance odors from the defendant's wastewater treatment facilities at its tannery in Pownal, and to enforce Vermont's air pollution control laws. The suit was settled by stipulation, and on March 27, 1981, the trial court entered a judgment order incorporating the stipulation. The State served a copy of the order on the defendant on May 29, 1981. On June 8, 1981, the State reopened the case by filing a petition for contempt.

The trial court found the defendant in contempt of six provisions of the March 27, 1981, order, to wit: (1) to stop the by-pass of raw wastes around the clarifier; (2) to reduce water usage; (3) to reschedule production so as to stop the by-pass of raw wastes; (4) to add potassium permanganate or hydrogen peroxide to lagoons number 4 and 5; (5) to discharge all sludge into lagoon number 3; and (6) to treat exposed sludge. Therefore, the court assessed a penalty of $1,000 per day for the period from March 27, 1981, to July 24, 1981, for a total of $119,000. The order specified that the defendant could purge itself of contempt and relieve itself of all but $10,000 of the penalty by strictly complying henceforth with the terms of the March 27, 1981, order.

On appeal, the defendant argues, inter alia, that (1) the court erred in imposing a nonpurgeable $10,000 penalty as a part of a larger monetary penalty in a civil contempt proceeding, commenced pursuant to 12 V.S.A. § 122, and (2) the $109,000 purgeable fine for civil contempt cannot stand because it is purely prospective in nature. We disagree with the defendant's first contention, but agree with its second contention. Therefore, we affirm in part, and reverse in part.

## I.

The defendant argues that the $10,000 fine must be struck down because it is a purely punitive penalty and such a penalty may not be assessed against an alleged contemnor in a civil contempt proceeding. The defendant is correct when it states that only compensatory fines or coercive sanctions may be imposed on a civil contemnor. *United States* v. *United Mine*

*Workers of America,* 330 U.S. 258, 304 (1947) ; *Jolly* v. *Wright,* 300 N.C. 83, 92, 265 S.E.2d 135, 142 (1980) ; *Town of Manchester* v. *Department of Environmental Quality Engineering,* 381 Mass. 208, 409 N.E.2d 176, 182 (1980). It is also correct when it states that the $10,000 fine was (1) not compensatory in nature since the State introduced no evidence of any loss occasioned by the defendant's failure to comply with the March 27 order, and (2) not a coercive fine since it was not purgeable. *Meyer* v. *Meyer,* 414 A.2d 236, 239 (Me. 1980). Therefore, we agree with the defendant that the $10,000 fine cannot be upheld as a civil contempt penalty. However, it can be upheld as a civil penalty under 3 V.S.A. § 2822(c)(4).

The instant case involves the violation of an order issued pursuant to 3 V.S.A. § 2822(c) to enforce Vermont's environmental laws. Therefore, in addition to the common law sanctions for civil contempt, the court was empowered to impose a civil penalty pursuant to the terms of 3 V.S.A. § 2822(c)(4), which provides, in part, that:

> Any person who violates the terms of an order issued by a court under this subsection shall forfeit and pay to the state a civil penalty of not less than $100.00 and not more than $10,000.00 for each violation; provided however, where violation of an order is of a continuing nature, each day during which such violation continues after the date fixed by the court for the correction or termination of the violation shall constitute an additional separate and distinct offense . . . .

██ It would appear that the $10,000 nonpurgeable fine imposed upon the defendant for violating the order of March 27 is sanctioned by this statute. The defendant argues, however, that since the State's petition for contempt did not specifically reference 3 V.S.A. § 2822, the sanctions ultimately ordered by the trial court were strictly under the court's common law contempt authority and not pursuant to § 2822. We disagree. Such an assertion ignores the fact that the contempt action was brought as a continuation of the original action, which was brought under 3 V.S.A. § 2822. It also ignores the fact that the March 27 order was issued pursuant to § 2822(c). Since the contempt petition alleged a violation of an order is-

sued under § 2822, the court was required to observe the mandatory language of § 2822(c)(4):

> Any person who violates the terms of an order issued by a court under this subsection *shall* forfeit and pay to the state a civil penalty . . . .

The court correctly followed this statute and fined the defendant $10,000.

■ We note that the defendant contends that the trial court abused its discretion when it found the defendant violated the order of March 27, 1981. It submits that the order was so vague and ambiguous that it was not clear as to how it should be implemented. Therefore, the defendant argues that it should not be found in contempt for its good faith effort to comply, based upon its reasonable interpretation of the meaning of that order. We think our decision in *Socony Mobil Oil Co. v. Northern Oil Co.*, 126 Vt. 160, 164, 225 A.2d 60, 63 (1966), necessarily narrows the scope of our answer to defendant's position on this point:

> [A] contempt proceeding based on the violation of a court order does not open to reconsideration the legal or actual basis of the order so as to result in a retrial of the original controversy.

■■ We agree that as general rule before a person may be held in contempt for violating a court order, the order should inform him in definite terms as to the duties imposed upon him. The order must be specific and definite so that it leaves no reasonable basis for doubt as to its meaning. *International Longshoremen's Association v. Philadelphia Marine Trade Association*, 389 U.S. 64 (1967); *McComb v. Jacksonville Paper Co.*, 336 U.S. 187 (1949). In the case at bar, however, the defendant cannot properly maintain that the consent order of March 27, 1981, was too vague to permit compliance when it negotiated for and signed the stipulation which was incorporated into that consent order and thereafter took no steps to modify that order. *United States v. Schafer*, 600 F.2d 1251 (9th Cir. 1979). See generally Annot., 93 L. Ed. 608; Annot., 12 A.L.R.2d 1059, 1107, § 41 (1950); and 17 Am. Jur. 2d *Contempt* § 52.

The court's finding that the defendant violated the order of March 27, 1981, is amply supported by the evidence, and its conclusion that the defendant was in wilful contempt of said order is supported by its findings. We are satisfied from our review of the record that the State met the required burden of proof for the imposition of a fine under 3 V.S.A. § 2822(c)(4). Therefore, we affirm the court's order imposing a $10,000 non-purgeable fine on the defendant.

## II.

The defendant's second argument, that the $109,000 purgeable portion of the $119,000 fine cannot stand because it is purely prospective in nature, is based on the following.

The court determined that the defendant was in contempt from the date of the March 27, 1981, order to July 24, 1981, when it stopped all excess flow. Hence, by implication the court determined that as of July 24, 1981, the defendant was in substantial compliance with the March 27 order. Thus, the defendant had already purged itself of its contemptuous acts before the trial terminated on July 31, 1981, and the court so found. Nonetheless, it imposed the $109,000 conditional penalty to ensure the defendant's prospective compliance with the March 27 order. It did this despite the fact that there is no precedent in Vermont law for the imposition of this type of prospective penalty.

■■ A purely prospective fine can be defined as a purgeable penalty imposed on a contemnor who is currently in compliance with the underlying court order. As such, it is similar to a forfeiture clause. Forfeiture clauses are not favored by this Court, *Cushman* v. *Outwater*, 121 Vt. 426, 433, 159 A.2d 89, 94 (1960), and thus prospective fines should likewise be disfavored.

The use of purely prospective fines are the exception and not the rule. *New York Times Co.* v. *Newspaper and Mail Deliverers' Union*, 517 F. Supp. 662 (S.D.N.Y. 1981). Moreover, in the relatively few jurisdictions where these forfeiture-like penalties have been imposed, they are limited to situations where it is easy to gauge the compliance or noncompliance with an order. See, e.g., *Sunbeam Corp.* v. *Golden Rule Appliance Co.*, 252 F.2d 467, 471–72 (2d Cir. 1958) (involving prohibitions on

the sale of products at certain prices) ; *NLRB* v. *Truck Drivers and Helpers, Local Union 676,* 450 F.2d 413 (3d Cir. 1971) (involving prohibitions on certain labor strike activity).

The defendant asserts that because of the complexity of the March 27 order, this is clearly not the case to depart from the rule and allow the establishment of a purely prospective penalty in a contempt order. We agree. The March 27 order consists of six pages containing over 25 subparagraphs of technical requirements. Many of the components of the order require substantial planning, procurement of permits from administrative agencies, purchase of sophisticated equipment, and the expenditure of many thousands of man-hours. It is self-evident that not all breaches would warrant a fine of $109,000, and yet this is exactly the effect of the court's order. Any future breach by the defendant, no matter how small, or how technical, will automatically trigger a fine of $109,000, whether that amount bears any relation to the seriousness of the breach or not. In this sense, the fine becomes punitive and is unwarranted in a civil contempt action.

Finally, we note that even though the $10,000 fine can be upheld under 3 V.S.A. § 2822(c)(4), the $109,000 purgeable fine is not authorized by the same. Nowhere does § 2822 grant the courts power to, in effect, establish a forfeiture clause in a court order. Since § 2822(c)(4) imposes a penalty, the general rule that statutes imposing penalties must be strictly construed and are not to be extended beyond their express language applies to this action. See *Brooks* v. *Clayes,* 10 Vt. 37 (1938) ; see also *Southern States Life Insurance Co.* v. *McCauley,* 81 N.M. 114, 464 P.2d 404 (1970). Therefore, the court had no authority under this statute to establish a forfeiture clause providing that the defendant would have to pay a $109,000 penalty for any violation of a complex court order.

*Affirmed in part, reversed in part.*