## Jon DeGrace v. Joan DeGrace

[520 A.2d 987]

No. 85-024

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed December 1, 1986

*Jarvis & Kaplan*, Burlington, for Plaintiff-Appellant.

*Mickenberg, Dunn, Sirotkin & Kupersmith*, Burlington, for Defendant-Appellee.

**Allen, C.J.** This appeal culminates a protracted, acrimonious divorce proceeding. The plaintiff appeals the property division and maintenance award, as well as other matters pertaining to the trial court's conduct of these divorce proceedings. The maintenance award and property settlement are vacated; the final order is affirmed in all other respects.

The parties were divorced on July 2, 1984, on the grounds that they had lived separate and apart in excess of six months with the resumption of marital relations not reasonably probable. 15 V.S.A. § 551(7). A final order and judgment were issued on August 1, 1984. This order was modified twice in the ensuing six months, because of the plaintiff's failure to comply with the provisions of the court's order regarding visitation, maintenance and the property division.

The final decree granted custody of the children to the defendant, subject to the plaintiff's custodial visitation rights during the summer and other school vacations. The court found that the plaintiff was earning $38,000, with an earning capacity of $40,000. The court further found that the defendant was earning $11,000, and that it was unlikely that this would substantially increase without training. Based on these findings, the court ordered the plaintiff to pay defendant five hundred dollars in maintenance per month. This maintenance is to terminate in November, 1991. The court also made findings addressing the marital property and its value, and divided the property in accordance with those findings.

In the decree, the court held the plaintiff in contempt of its two earlier orders upon finding that he had prevented the defendant from recovering a part of her share of the personal property, valued at $15,380. The court ordered the plaintiff to pay a compensatory fine in that amount, which was purgeable by his return of the property within ten days of the date of the decree. The court further found that the plaintiff had covertly taken the children to Rhode Island, in direct violation of the defendant's visitation rights, and ordered him to pay a $10,000 fine. This fine, however, was reducible to judgment only if the plaintiff failed to comply with the custodial visitation rights contained in the final order. The court found, finally, that the plaintiff had not fully met his maintenance obligations. To ensure payment of arrearages and future maintenance, the court awarded the defendant a wage assignment order for plaintiff's wages, pursuant to 15 V.S.A. § 785.

Plaintiff was also ordered to pay defendant's attorney's fees, as well as the fees of the attorney who represented the children during the divorce proceedings.

■ Plaintiff first claims that he is entitled to a new trial because the presiding judge failed to disqualify himself after allegedly developing a personal bias in favor of defendant. Plaintiff points to the judge's continued participation in the case after the term had ended, and his conduct and scheduling of hearings. A party seeking disqualification must show that the judge "could not, or did not, pass upon the facts of [the] case without bias or prejudice." *Daitchman* v. *Daitchman*, 145 Vt. 145, 147, 483 A.2d 270, 271 (1984) (citing *Leonard* v. *Willcox*, 101 Vt. 195, 215, 142 A. 762, 770 (1928)). Such a showing must be "clearly established by the record." *Willcox*, 101 Vt. at 215, 142 A. at 770. Plaintiff has not met this test. The continued participation by the presiding judge after the term had ended was not prejudicial, for the expiration of a term does not affect a judge's power over a case that has been pending before the judge. V.R.C.P. 6(c); 4 V.S.A. § 119. Furthermore, an examination of the manner in which hearings were scheduled and held does not reveal prejudice as charged by the plaintiff.

■ Turning to the issues presented by the divorce decree itself, we first address plaintiff's claim of error with regard to the maintenance award. He asserts that the trial court failed to make findings regarding defendant's needs, and regarding plaintiff's expenses and ability to pay. In awarding maintenance, the trial court must consider "the ability of the spouse from whom maintenance is sought to meet his or her reasonable needs while meeting those of the spouse seeking maintenance . . . ." 15 V.S.A. § 752(b)(6). This Court defers to the trial court's broad discretion in fashioning the award, and a party seeking to overturn a maintenance award must show "that there is no reasonable basis to support the trial court's award of [maintenance]." *Buttura* v. *Buttura*, 143 Vt. 95, 99, 463 A.2d 229, 231 (1983). The findings on defendant's needs are brief, but they are supported by the record and do not constitute error.

■ The order, however, contains only one finding with regard to plaintiff's ability to pay. It states:

Plaintiff has worked for New England Telephone for 14 years. In 1982, Plaintiff grossed approximately $34,000 in-

come. In 1983, his income rose to nearly $38,000. Although Mr. DeGrace has worked many hours of overtime, his earning capacity, given a moderate amount of overtime, is currently $40,000 per year.

Plaintiff reported gross income of nearly $38,000 in 1983, as the court found. Plaintiff testified, however, that nearly $8,000 of this income resulted from his working "a tremendous amount of hours during a strike," and that his earning capacity was $30,000 when working normal overtime. The defendant did not contest the plaintiff's explanation of his 1983 income or provide an alternative basis for the court's finding. The court's finding that plaintiff had an earning capacity of $40,000 when working a "moderate" amount of overtime is thus not supported by the record. Furthermore, the court made no findings regarding plaintiff's expenses, other than to recount his debt obligations. The findings are therefore not adequate to allow this Court to determine whether plaintiff is able to pay the amount of maintenance awarded to the defendant, and the order as it relates to maintenance must be remanded for clarification and support. *Cleary* v. *Cleary*, 134 Vt. 181, 182, 353 A.2d 334, 335-36 (1976).

Plaintiff next claims the court abused its discretion in fashioning the property settlement under 15 V.S.A. § 751. Under Vermont's statutory scheme, the property division and maintenance award are closely related. The determination of whether the property settlement is in lieu of or in addition to maintenance is a factor the court may consider when dividing the property. 15 V.S.A. § 751(b)(7). There is nothing to indicate how the maintenance award bears upon the property division, and it therefore cannot be determined whether vacating the maintenance award will affect the property settlement. Under these circumstances, the property division must be vacated to give leave to the trial court to revise it, if necessary, when revising the maintenance award. See *Osborn* v. *Osborn*, 147 Vt. 432, 435, 519 A.2d 1161, 1164 (1986) (maintenance award vacated upon vacation of property division); cf. *Miller* v. *Miller*, 97 N.J. 154, 171, 478 A.2d 351, 359-60 (1984).

The plaintiff also contests the validity of the two civil fines imposed against him for contempt. He first asserts that the court lacked jurisdiction because he was not personally served with notice of the contempt proceedings. After a hearing pursuant to

V.R.C.P. 80(j), the court concluded that the defendant had attempted with due diligence to make personal service as required by the rule, and that personal service was not possible. The court thereby ordered service by first class mail and service by that manner was effected. The procedural requirements for notice were adequately satisfied.

Plaintiff further asserts that both fines imposed were punitive sanctions, and therefore not appropriate for civil contempt proceedings. *State* v. *Pownal Tanning Co.*, 142 Vt. 601, 603-04, 459 A.2d 989, 990-91 (1983). As stated in *Pownal*, only compensatory fines or coercive sanctions that are purgeable may be imposed. *Id.* Citing *Pownal*, plaintiff contends that the fine imposed for his refusal to allow the defendant to recover a part of her share of the personal property was not compensatory, because no evidence was taken as to the loss incurred by the defendant. Defendant testified in detail as to the value of her belongings, however, and was a competent witness to so testify under 12 V.S.A. § 1604, which allows the owner of property to testify as to its value. Furthermore, this fine was in the nature of a compensatory rather than a punitive fine, as the plaintiff could purge the fine by returning the property.

Plaintiff's objection to the fine imposed for contempt in denying defendant her visitation rights is also of no avail. Again, citing *Pownal*, plaintiff contends this fine is punitive because it required him to prospectively comply with the court's visitation order, and was therefore similar to a forfeiture clause. The statement in *Pownal* upon which plaintiff relies, however, refers to a party in compliance with the court's order, and the court imposed a fine to ensure continued prospective compliance with an order. *Id.* at 606, 459 A.2d at 992. By contrast, plaintiff in this case had not complied with either of the court's previous visitation orders. The fine was neither a forfeiture clause nor a punitive sanction, for the court expressly stated that the fine could be reduced to judgment only upon the plaintiff's failure to comply with the visitation order.

Plaintiff contends finally that the court erred in granting the defendant a wage assignment order to secure the maintenance award. He contends that the order does not comply with either 15 V.S.A. § 785(c), or the applicable federal statute, 15 U.S.C. § 1673. In view of the determination that the maintenance award

must be vacated, the wage assignment order no longer has force, and this contention need not be addressed.

*Reversed and remanded for proceedings consistent with this opinion.*