## Eileen J. Kohut v. William Kohut

[663 A.2d 942]

No. 93-529

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed July 21, 1995

*Sandra L. Baird* and *Anne S. Locke*, Burlington, for Plaintiff-Appellee.

*Douglas L. Molde* and *Leslie Black* of *Molde & Black, P.C.,* Johnson, for Defendant-Appellant.

**Morse, J.** Defendant-husband appeals a final order of the Chittenden Family Court challenging, among other things, the maintenance award to plaintiff-wife. We affirm.

The parties were married for thirteen years and had three children before they legally separated in 1991. The couple lived in a $400,000 home and owned two expensive cars and a luxury boat. Both agree, however, that they lived beyond their means. The home was sold to pay the marital debts, and the remaining proceeds of $7,087 were put in escrow awaiting the final disposition of marital property.

The court found that defendant had an earning capacity of $65,000 based on his annual salary at a job which he voluntarily left shortly before the final hearing. It further found that plaintiff was a licensed practical nurse with a part-time job and an earning capacity of $9,000 annually. Plaintiff was on welfare at the time of the final hearing because defendant had failed to pay temporary maintenance and child support payments as previously ordered. The court ordered the payment of $500 per month in permanent maintenance because it concluded that plaintiff was unable to meet her expenses without maintenance in addition to child support for the couple's three children, and because plaintiff's earning capacity would never equal defendant's.

■ Defendant first argues that because plaintiff did not seek permanent maintenance he was deprived of the opportunity to be heard on the issue. He relies on this Court's decision in *Nichols v. Nichols,* 133 Vt. 370, 371, 340 A.2d 73, 74 (1975), where we remanded after holding that failure to request alimony or to indicate that alimony was an issue deprived that defendant of an opportunity to be heard. In *Nichols,* the plaintiff struck out a maintenance request from a printed form, and there were no temporary maintenance orders in effect prior to the final hearing. *Id.* In contrast, here, plaintiff requested maintenance in writing by typing that request onto a printed form. In addition, a temporary maintenance order was in effect, and defendant had already moved to modify that maintenance order three times. At the commencement of the final hearing, defendant, representing himself pro se, explicitly agreed with plaintiff's counsel that everything, including maintenance, was a contested issue. Defendant was on notice that maintenance was an issue, and it was not an abuse of discretion for the court to award maintenance.

See *Nevitt v. Nevitt*, 155 Vt. 391, 398, 584 A.2d 1134, 1138 (1990) (not abuse of discretion to award maintenance where husband aware wife seeking "other relief as may be appropriate" and that court would consider maintenance at later hearing).

■■ Defendant next attacks the sufficiency of the family court's findings. In order for this Court to overturn a maintenance award, the party seeking reversal must show there is no reasonable basis for the family court's decision. *Johnson v. Johnson*, 155 Vt. 36, 40, 580 A.2d 503, 506 (1990). Maintenance may be awarded under 15 V.S.A. § 752(a)(1) where a party has insufficient income and property to meet reasonable needs. In determining the amount and period of time for which maintenance is to be awarded, the court must consider a number of factors, including the reasonable needs of the recipient and the standard of living established during the marriage. 15 V.S.A. § 752(b)(3); *Naumann v. Kurz*, 152 Vt. 355, 357, 566 A.2d 1342, 1343 (1989). Findings are not required for each factor, as long as the court's decision reflects that the appropriate factors were taken into consideration, and the court is not required to make findings on factors where no evidence is presented. Cf. *Poulin v. Upham*, 149 Vt. 24, 26 n.*, 538 A.2d 181, 182 n.* (1987) (applying standard to 15 V.S.A. § 665(b) factors governing best interests of the child).

■ In this case, we conclude that there was a reasonable basis for the court's decision to award maintenance and that the findings regarding the reasonable needs of plaintiff were sufficient to support a mere $500 a month maintenance award. The family court was clearly influenced by plaintiff's need to resort to public assistance. We too believe that financial dependence upon the state demonstrated an obvious lack of personal income, property, or both, thereby justifying a maintenance award under 15 V.S.A. § 752(a).

■ We cannot fault the court for not fashioning a maintenance award based on the exact standard of living established during the marriage. The parties agree that they lived beyond their means and were constantly borrowing money and receiving substantial assistance from defendant's parents. Because it was unlikely that such a lifestyle was sustainable after the divorce, it was not error to fail to make a finding on this factor. See *Bell v. Bell*, 162 Vt. 192, 199, 643 A.2d 846, 850-51 (1994) (parties' standard of living would have declined, with or without dissolution of marriage; therefore it was proper not to base maintenance on standard of living established during marriage). Additionally, we have never required mathematical

exactitude in quantifying the amount of an award. *Klein v. Klein*, 150 Vt. 466, 468-69, 555 A.2d 382, 384 (1988).

■ Plaintiff submitted her child support guideline information she had supplied in support of the temporary award of $600 per month. Consequently, the findings that the couple enjoyed an income of $65,000 per year during the marriage, that plaintiff required welfare assistance after the divorce, and that plaintiff's income would never equal defendant's were adequate to support the $500 per month maintenance award against an attack by defendant, who benefits from such a nominal award.*

■ Defendant next contends that the trial court erroneously determined that he had the ability to pay maintenance because it wrongfully imputed his income using his former $65,000 salary. The trial court found that defendant voluntarily quit his job and was underemployed as a real estate salesman at the time of trial. Defendant also testified that while he had not received any real estate commissions to date, he had listed several homes and sold one. More telling, though, was defendant's own testimony that he would take over his father's real estate business for a "quicker income" and a "better income." In fact, defendant claimed that "the sky can be the limit." Under these circumstances, it was not an abuse of discretion for the court to consider defendant's past earnings to predict his future income. See *Scott v. Scott*, 155 Vt. 465, 470, 586 A.2d 1140, 1143 (1990) (permissible to consider previous wage statements and previous summer's earnings to predict earning capability in future).

■ Defendant argues that the family court's findings supporting the valuation and distribution of proceeds from the parties' only substantial asset, a luxury boat, were clearly erroneous because the court did not determine the fair market value of the boat and found that the parties owned the boat free of any liens. The court's valuation of $68,500 was based on evidence of the boat's list price. Further, defendant contends that his mother, with whom he had secreted the boat to avoid its equitable distribution, had a valid, perfected security interest in it by virtue of a stipulation and court order requiring the execution of a security agreement. Defendant failed, however, to introduce any evidence that the security agreement was ever executed. Cf. 9A V.S.A. § 9-203(1)(a) (formal requisites of attachment

---

* The dissent would have more force if plaintiff-wife had appealed the inadequacy of the maintenance award.

and enforceability of security interest requires signed security agreement). Defendant argues that a stipulation between the parties sufficed as a signed writing for purposes of § 9-203. That stipulation and the court order adopting it state only that "[a] perfected security agreement . . *shall be executed* in favor of Elizabeth Ardale." (Emphasis added.) The stipulation and order contemplate that the agreement to grant a security interest would be entered into at some later date, if at all. Consequently, we cannot say that the court was clearly erroneous in finding that the boat was unencumbered and ordering its sale and an equitable division of the proceeds.

Further, we disagree with defendant's contention that the trial court abused its discretion in awarding plaintiff attorney's fees and support arrearages from defendant's share of the boat proceeds. The award of attorney's fees and costs is a matter of judicial discretion. 15 V.S.A. § 637. Given defendant's refusal to pay the court-ordered support in the past, we see no problem with the court anticipating difficulty in the future.

Finally, defendant attacks the impartiality of the family court. Three bases underlying defendant's charge, those involving issues of income and maintenance, debt, and security interests, are meritless given our holding. Defendant further claims bias is proved by the court's refusal to grant defendant an eleventh hour continuance to obtain an attorney. Defendant requested this continuance during the first day of trial. He had already retained and fired at least three attorneys, and had conducted a fair amount of his own representation. Granting a continuance is a matter of discretion. *Kokoletsos v. Frank Babcock & Son, Inc.*, 149 Vt. 33, 35, 538 A.2d 178, 179 (1987). We find no bias, prejudice, or abuse of discretion in the court's balancing of the interests of everyone involved or in the court's refusal to grant a continuance on the last day of this protracted divorce proceeding.

*Affirmed.*

Allen, C.J., dissenting. Because the trial court's findings are insufficient for this Court to determine whether $500 in permanent maintenance is supported by the record, I dissent.

The purpose of findings is to provide a clear statement as to what was decided and why. *Klein v. Klein*, 150 Vt. 466, 472, 555 A.2d 382, 386 (1988). Where there is a shortage or absence of sufficient findings, this Court has refused to affirm an order. *Strauss v. Strauss*, 160 Vt.

335, 340-41, 628 A.2d 552, 555 (1993); see *Scott v. Scott*, 155 Vt. 465, 471, 586 A.2d 1140, 1143 (1990) (maintenance award reversed for failure to consider defendant's expenses); *Naumann v. Kurz*, 152 Vt. 355, 362, 566 A.2d 1342, 1346 (1989) (inadequate findings cause for reversal); *DeGrace v. DeGrace*, 147 Vt. 466, 470, 520 A.2d 987, 990 (1986) (findings inadequate to allow Court to determine basis for award); *Cleary v. Cleary*, 134 Vt. 181, 182, 353 A.2d 334, 335-36 (1976) (shortage of findings requires reversal where award is insupportable on record).

The majority excuses the lack of findings because there were adequate grounds for awarding maintenance and because plaintiff did not appeal the amount. The majority further justifies the order by explaining that neither detailed findings nor mathematical accuracy are required. It also reasons that the court is not required to make findings on factors where no evidence is presented.

First, adequate grounds for supplemental maintenance, 15 V.S.A. § 752(a), do not support a specific amount of maintenance. *Id.* § 752(b). The majority relies completely on generalities which go to § 752(a) rather than on specifics pertinent to § 752(b) to affirm the amount. We should not presume either the award's validity or the amount's reasonableness by relying on the parties' income disparity or plaintiff's resort to public assistance. See *Cleary*, 134 Vt. at 183, 353 A.2d at 336 (support award might be accurate reflection of need but "[w]ithout findings to that effect, the issue is in doubt."). The statute requires more than a generalized justification of need; it requires an individualized assessment of the parties' needs. See 15 V.S.A. § 752(b); see, e.g., *Naumann*, 152 Vt. at 360, 566 A.2d at 1345 (maintenance award reversed where trial court did not make findings establishing parties' reasonable needs).

Second, the order is insufficient not because of a lack of detail or mathematical accuracy but because the few findings that were made do not suggest that the trial court considered the relevant factors required by 15 V.S.A. § 752(b). See *Klein*, 150 Vt. at 472, 555 A.2d at 386 (remand necessary where no indication of method employed or weight accorded factors in arriving at maintenance decision). For example, it did not make findings on either party's reasonable needs, *Naumann*, 152 Vt. at 360, 566 A.2d at 1345, or their expenses, *Scott*, 155 Vt. at 471, 582 A.2d at 1143.[1]

---

[1] Defendant had submitted an affidavit of his income, assets, and expenses at the time of trial. Plaintiff submitted the child support worksheet from an earlier, related

Third, the majority cannot shrug off the inadequate findings by blaming the parties for the scant evidentiary submissions. While the parties are responsible for introducing evidence on relevant factors, when a factor is clearly relevant to the proper implementation of the statutory scheme and the party fails to submit evidence on that issue, the resulting order cannot stand. In this instance, the most glaring omissions are the lack of evidence on plaintiff's current expenses and her reasonable needs. Such information is the foundation for any maintenance award. 15 V.S.A. § 752(a). Without it, there is no basis to assess the reasonableness of the award or to determine whether the award comports with the statute's goals. Instead of determining the parties' needs or defendant's ability to pay, the court relied on defendant's imputed income as the sole factual basis to assess the monthly amount. While defendant's income was fairly imputed, gross income by itself is factually inadequate to sustain a maintenance award. See *DeGrace*, 147 Vt. at 470, 520 A.2d at 990 (remanded for clarification where only single finding on plaintiff's earning capacity supported maintenance award).

Also, I cannot condone the trial court's reliance on the family court's child support guidelines to "guesstimate" a monthly maintenance amount. This shortcut is an inadequate substitute for § 752(b)'s individualized assessment of spousal maintenance needs. The guidelines determine *child* support based solely on mathematical formulas. *Ainsworth v. Ainsworth*, 154 Vt. 103, 113, 574 A.2d 772, 778 (1990). The calculations recognize only the parties' gross incomes and do not focus on actual expenses. *Id.* at 107, 574 A.2d at 775. Unlike § 752(b)'s analysis, which considers the parties' complete financial resources, including the property settlement or the parties' reasonable needs based on the standard of living established during the marriage, the guidelines focus on the noncustodial parent's ability to pay. Maintenance awards should not be driven by a party's ability to pay, but by the thoughtful consideration of § 752(b)'s seven statutory factors. Such consideration ensures a fair resolution.

The lack of findings is also disturbing considering that the court awarded permanent maintenance. In *Strauss*, we distinguished the purposes of rehabilitative and permanent maintenance, and identified several critical factors that the trial court should consider when fashioning a permanent maintenance award. 160 Vt. at 338-42, 628

---

proceeding, which revealed her gross monthly income, but not her actual expenses or needs. The court chose not to make any findings based on these limited submissions.

A.2d at 553-55. There is barely a hint that the trial court incorporated these important factors. The only explanation of the award suggests that it was punitive rather than compensatory in nature. Specifically, the court ordered defendant to pay maintenance "because the plaintiff has had to go on welfare on account of his voluntary underemployment and his refusal to make his [support] payments when he did have the income." While this reasoning highlights plaintiff's need for supplemental support, it does not assist this Court in determining whether a permanent or rehabilitative award is appropriate.

This has been a protracted and contentious divorce and is in dire need of finality, but I cannot affirm an order so lacking in support. It is this Court's responsibility to ensure that the trial court exercises its discretion within the bounds of § 752(b). As is often the case when shortcuts are taken, compromises are made. While a trial court has wide discretion on maintenance issues, it must be exercised within the confines of the statute. There is nothing in this record to indicate that this was done. As a result, this Court cannot decipher whether the permanent award was proper, inadequate or excessive.[2]

Ordinarily, I would recommend a reversal and remand for the purpose of supplying or correcting findings, but the sparse record convinces me that a new hearing is necessary to cure the deficiencies.

---

[2] The child support guidelines worksheet submitted by plaintiff most likely underestimated her reasonable needs because it determines need based on minimal support requirements rather than plaintiff's needs in relation to the standard of living established during the marriage.