*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-371

APRIL TERM, 2016

| | | |
|---|---|---|
| Jennifer Johnson | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Chittenden Unit, |
| v. | } | Family Division |
| | } | |
| | } | |
| Gregory Johnson | } | DOCKET NO. 393-5-10 Cndm |

Trial Judge: Samuel Hoar, Jr.

In the above-entitled cause, the Clerk will enter:

Defendant, former spouse of plaintiff, appeals from an order of the superior court, family division, granting in part his motion to modify maintenance, granting in part plaintiff's motion to enforce, and denying defendant's motion to enforce. We affirm.

This case is before us a second time. As the trial court put it, the parties' post-judgment litigation has resulted in "an endless stream of discovery and procedural motions." The parties divorced in June 2011 after a nineteen-year marriage. They entered into a marital settlement agreement, which was incorporated into the final divorce order. In relevant part, the maintenance provision in the agreement set a total amount of maintenance at $920,000 to be paid as follows: $4000 per month from June 1, 2011 to September 1, 2011; $5000 per month from September 1, 2011 to July 1, 2012; and $6000 per month from July 1, 2012 thereafter.

The maintenance provision also required defendant to fund a savings account in plaintiff's name. Defendant did not fund the account, claiming financial difficulties. In May 2014, plaintiff moved to enforce this provision, as well as other provisions in the final divorce order. In June 2015, this Court affirmed the family court's order granting plaintiff's motion to enforce, concluding that defendant's obligation to fund the account was a fixed obligation from the property distribution not conditioned on the state of his finances. See Johnson v. Johnson, No. 2014-479, 2014 WL 3756807, at *2 (Vt. June 12, 2015) (unpub. mem.), https://www.vermontjudiciary.org/LC/unpublished eo.aspx.

Meanwhile, defendant also filed a motion to modify maintenance. Plaintiff responded by filing a motion to enforce, and in turn defendant responded with his own motion to enforce. The family court heard evidence on those motions over the course of several days, beginning in November 2014 and concluding in June 2015, after which the parties submitted proposed findings. On July 17, 2015, the court issued a decision on the pending motions reducing husband's maintenance obligation from $6000 to $3500 retroactive to the date of his motion to modify maintenance. The court also denied defendant's motion to enforce, concluding that the

evidence did not persuade the court one way or the other as to who owned disputed personal property.

On appeal, defendant lists nine claims of error challenging the family court's refusal to grant his motion to enforce with respect to personal property and its maintenance adjustment. Regarding the personal property, defendant argues that the court erred by not considering the factors contained in 15 V.S.A. § 751 and ensuring a complete division of property. Defendant's argument is as follows: The parties' marriage settlement agreement, which was incorporated into the final divorce order, provided that the parties "would equitably divide their tangible and intangible personal property by mutual agreement," and further that they would make reasonable attempts through mediation to resolve any disputes arising through implementation of the agreement. According to defendant, because plaintiff has refused to resolve the parties' dispute over personal property, the family court was compelled to distribute the personal property, but failed to do so.

Defendant is incorrect that the family court had an obligation to distribute the personal property pursuant to § 751 factors. "Vermont law is clear that the [family] court cannot modify the property disposition aspects of a divorce decree absent circumstances, such as fraud or coercion, that would warrant relief from a judgment generally." Boisselle v. Boiselle, 162 Vt. 240, 242 (1994). Here, there is no claim of fraud, coercion, or any other basis for overturning the property division of the final divorce order. In the agreement incorporated into the final order, the parties agreed to divide their personal property themselves. At this post-judgment juncture of the proceedings, the court cannot distribute the property, but can only enforce the final order if it concludes that it was violated by a party. As the court pointed out, the parties' agreement did not identify in any detail personal property owned by either party. The court concluded that the evidence presented by the parties did not persuade it as to who owned the disputed items of personal property or that plaintiff had wrongfully taken personal property belonging to defendant. We conclude that the court acted within its discretion in denying defendant's motion to enforce. There was no evidence demonstrating unequivocally that plaintiff took from defendant items to which he was entitled, as defendant claims.

Also with respect to property, defendant asks this Court to revisit the issue of the savings account that he was required to fund on behalf of plaintiff. For the reasons stated in the last appeal, we decline to do so. We also decline to consider defendant's brief argument concerning the relative merits of the parties, which is a factor only with respect to the initial property distribution.

Defendant's remaining eight arguments boil down to a claim that the family court abused its discretion in establishing the modified maintenance award insofar as it failed to abide by the statutory dictates set forth in 15 V.S.A. § 752. In defendant's view, the court should have eliminated the maintenance award entirely or further reduced it after considering all of the statutory factors. The family court may modify a maintenance obligation, even if the obligation was based on the parties' stipulation, "upon a showing of a real, substantial, and unanticipated change of circumstances." 15 V.S.A. § 758. Plaintiff does not dispute the existence of changed circumstances and contends that the court acted within its discretion in modifying the obligation under the criteria set forth in § 752. "[W]e will not disturb a trial court's decision on whether to modify spousal maintenance unless the discretion was erroneously exercised, or was exercised upon unfounded considerations or to an extent clearly unreasonable in light of the evidence." Mayville v. Mayville, 2010 VT 94, ¶ 8, 189 Vt. 1 (quotation omitted); see also Stickney v.

2

Stickney, 170 Vt. 547, 548-49 (1999) (mem.) ("A court has broad discretion in determining the amount and duration of a maintenance award, and we will set it aside only when there is no reasonable basis to support it."). "Our review is therefore limited to determining whether the family court's exercise of discretion was proper and whether a reasonable basis supports the award." Mayville, 2010 VT 94, ¶ 8 (quotation omitted).

Under § 752(a), the family court may order spousal maintenance if it finds that the spouse seeking maintenance lacks sufficient income or property to meet his or her reasonable needs and is either unable to support himself or herself at the standard of living established during the marriage or is the custodian of the parties' child. A maintenance obligation shall be in an amount and for a period of time that the court deems to be just after considering, among other things, the financial resources of the party seeking maintenance, the time and expense necessary to acquire sufficient education or training to find appropriate employment, the standard of living established during the marriage, the duration of the parties' marriage, the age and health of the parties, and the ability of the spouse from whom maintenance is sought to meet his or her reasonable needs while meeting the reasonable needs of the spouse seeking maintenance. 15 V.S.A. § 752(b).

Defendant argues that the family court erred by failing to collect sufficient evidence indicating whether maintenance was still appropriate under § 752(a) and by ignoring four of the five factors contained in § 752(b). The problem with this argument is that defendant is treating the court's decision as if it were an initial determination as to whether maintenance is warranted. It is not. Rather, the final divorce order, pursuant to the parties' agreement, called for maintenance at a specified monthly amount until defendant paid plaintiff $920,000. We have explained that one of the principal purposes of maintenance, apart from correcting financial inequality between the parties, is to compensate the receiving spouse for nonmonetary contributions to the family's well-being. See Klein v. Klein, 150 Vt. 466, 473-74 (1988). Here, there is little doubt that the maintenance award in the final divorce order was, at least in part, compensatory in nature. As defendant acknowledges, plaintiff was a full-time homemaker for several years during the nineteen-year marriage. Further, the parties' settlement agreement gave defendant the business in which plaintiff had worked for many years but awarded wife monthly maintenance totaling $920,000. To be sure, monthly maintenance may be modified even if it is compensatory in nature and based on the parties' stipulation. Under the circumstances, however, the family court correctly stated that its primary consideration was how much husband could afford to pay wife on a monthly basis. The change of circumstances defendant claimed was the downturn of his businesses and his inability to pay. The court was correct to focus on that question.

On that point, defendant argues that the family court abused its discretion by imputing to him an annual gross income of $150,000. The court may consider a defendant's past earnings to predict future income. See Kohut v. Kohut, 164 Vt. 40, 44 (1995). Here, the court found that husband had an earnings potential of $150,000 per year and reasonable expenses of $6000 per month. The court concluded that if defendant paid $3500 per month in maintenance, he would still have sufficient income to pay his reasonable expenses and taxes. "We have never required mathematical exactitude in quantifying the amount of [a maintenance] award." Id. at 43-44. Upon review of the record, we conclude that there was sufficient evidence to support the court's modified maintenance award. There was evidence indicating that defendant's gross business receipts and his gross income had not changed significantly from the time of the parties' divorce in 2011 through 2014, although he claimed more expenses, particularly legal and travel

3

expenses.  The family court is in a unique position to assess the credibility of witnesses and to determine the weight to be given to evidence.  Payrits v. Payrits, 171 Vt. 50, 52-53 (2000).  Here, the court acted within its broad discretion in reducing defendant's monthly maintenance obligation from $6000 to $3500.

Finally, regarding plaintiff's argument on cross-appeal that the family court did not give her an adequate or equal amount of time to challenge defendant's motion to modify, the argument is moot insofar as she seeks more time to present evidence only in the event that this Court reverses and remands the matter.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice