*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2016-066

NOVEMBER TERM, 2016

| | |
|---|---|
| Donna Mannings | } APPEALED FROM: |
| | } |
| | } Superior Court, Franklin Unit, |
| v. | } Family Division |
| | } |
| | } |
| Charles A. Mannings | } DOCKET NO. 349-11-14 Frdm |

Trial Judge: Thomas Z. Carlson

In the above-entitled cause, the Clerk will enter:

Husband appeals a final divorce order. On appeal, husband argues that the court erred in setting the amount of maintenance, ordering him to pay wife spousal maintenance even after his retirement, and in requiring that the spousal maintenance be annually adjusted for inflation. We affirm.

The court found the following facts. The parties were married for twenty-six years and raised two sons together. Husband works in heating and ventilating as a service technician and earns approximately $81,000 annually. Wife began working outside the home after the birth of her second child. She works in the food industry and the court found she can expect to earn approximately $25,000 annually. At the time of the final hearing, husband lived in the marital home and wife had moved to Florida where she was residing with her mother. During the marriage, the parties lived modestly. Although husband alleged that wife spent above their daily needs and incurred credit card debt, the court found that husband had not pointed to any specific details of wife spending unreasonable or excessive amounts and found no basis to conclude that wife dissipated marital assets.

The parties stipulated to the division of marital property, agreeing that each party was entitled to approximately $84,300 of assets. This was accomplished by awarding wife the bulk of the parties' retirement accounts and a vehicle and awarding husband the marital home, a small portion of the retirement accounts, and a truck.[1] The parties could not reach an agreement on spousal maintenance, differing on the amount that should be paid and whether it should continue after husband's retirement. The court held a contested hearing to resolve this issue. Both parties testified at the hearing. In a written order, the court found that wife was entitled to maintenance because she lacks sufficient income to provide for her reasonable needs and is unable to support herself through employment at the standard of living established during the marriage. See 15

---

[1] On appeal, husband asserts that the stipulation is unfair because it provides him with very little retirement assets. Husband did not challenge the stipulation below. Further, in that the stipulation essentially divided the assets evenly husband fails to demonstrate that the stipulation does not represent a fair and equitable division of assets.

V.S.A. § 752(a) (setting forth basis for awarding maintenance). The court ordered husband to pay $1250 a month until he reaches retirement age—sixty-six years and eight months—and $500 a month thereafter until either party's death. The court set terms for increasing these amounts for inflation. Husband appeals.

On appeal, husband argues that the court erred in setting the amount of preretirement spousal maintenance, in awarding postretirement maintenance, and in including an automatic adjustment. "The family court has considerable discretion in determining the amount and duration of maintenance once grounds for the award are established under the statutory criteria, and a maintenance award will be set aside only if there is no reasonable basis to support it." Gravel v. Gravel, 2009 VT 77, ¶ 23, 186 Vt. 250.

We first consider the award of preretirement maintenance. Husband agrees that some maintenance award was warranted, but asserts that the trial court set the amount too high. In setting the amount and period of maintenance, the court is directed to consider several statutory factors, including the parties' financial resources, the standard of living during the marriage, the duration of the marriage, the parties' ages, and the ability of the receiving spouse to meet reasonable needs. 15 V.S.A. § 752(b). The court found that the annual incomes for husband and wife were $81,000 and $25,000, respectively. The court also found that without an award wife would be unable to provide for her reasonable needs, including shelter, food, transportation, and personal expenses. These findings provide a reasonable basis for the court's decision. See Kohut v. Kohut, 164 Vt. 40, 43 (1995) (explaining that in determining amount of maintenance award court has discretion and will be reversed only where there is "no reasonable basis").

Husband asserts that these findings are not supported because wife did not complete a particular court form, which details expenses. The trial court recognized that there was no form, but found that nonetheless it had enough information from wife's testimony about her expenses. We conclude that the court's findings about wife's expenses are supported by the evidence and not erroneous.

Next, we consider husband's argument that the court erred in awarding wife maintenance after husband retires. This Court has explained that permanent maintenance may be appropriate in a long-term marriage and "the most critical factors in determining the duration of a maintenance award are the role the recipient spouse played during the marriage and the income that spouse is likely to achieve in relation to the standard of living set in the marriage." Delozier v. Delozier, 161 Vt. 377, 383 (1994) (quotation omitted). Here, all of those factors support the court's decision. As the trial court explained, a permanent maintenance award was supported in this case where it was a long-term marriage, wife's contributions in the home and raising children allowed husband to develop his career, and there was a large difference in the parties' earning capacities.

Husband also argues that the court erred in building in automatic increases to the maintenance amounts.[2] To account for increases in inflation and the cost of living, the court ordered that preretirement spousal maintenance be increased annually at an amount equal to ten percent of any increase in husband's salary over $81,000 as reported on his prior year's tax return. For postretirement income, the court ordered that the maintenance should be increased by twenty

---

[2] Husband claims that the maintenance award requires the court to look into the future and asserts that it could become unfair if his income drops and wife's income increases. The court must base the maintenance award on the evidence of the present and anticipated incomes of the parties. Should there be a future showing of "a real, substantial, and unanticipated change of circumstances," husband could move to modify the award. 15 V.S.A. § 758.

percent of any cost of living increase in husband's social security benefit. A maintenance award can include an automatic adjustment for increases in the cost of living, but it should both have "a workable formula" and be sensitive to the payor's income. Molleur v. Molleur, 2012 VT 16, ¶ 24, 191 Vt. 202. Here, the trial court's order satisfies both of these requirements providing a workable formula that is tied to increases in husband's actual income.

Husband asserts that the court erred in finding that wife had not dissipated marital assets. We conclude that the court's finding that wife's spending was reasonable and not a dissipation of marital assets is supported by wife's testimony. At trial, wife testified that she used the credit cards to buy the parties and the children items like clothes and shoes so they could look nice and that she did not spend an excessive amount of money. Husband testified that wife would use the credit cards to buy gifts for people, but did not otherwise provide any information about how wife's spending was unreasonable or excessive.

Finally, husband lists several other statements made by wife during her testimony that he alleges are false. We need not address this argument because the facts listed are not relevant to any finding that had an impact on the outcome of the case.

Affirmed.

BY THE COURT:


_____
Paul L. Reiber, Chief Justice


_____
John A. Dooley, Associate Justice


_____
Harold E. Eaton, Jr., Associate Justice