## STATE OF VERMONT

SUPERIOR COURT

ENVIRONMENTAL DIVISION
Docket No. 30-3-11 Vtec

| | |
|---|---|
| Town of Colchester,<br><br>       Plaintiff,<br><br>v.<br><br>Robert Andres,<br><br>       Defendant. | |

### Order of Contempt

The Town of Colchester ("the Town") moved for contempt against Robert Andres ("Mr. Andres") for violation of this Court's Order of January 31, 2013 enjoining him from using or occupying his residence at 275 Mills Point Road in Colchester, Vermont from November 1 – March 31 without a proper permit. Mr. Andres is a self-represented litigant; the Town is represented by Claudine C. Safar, Esq.

A hearing on the Town's motion was held at the Costello Courthouse in Burlington, Vermont on April 25, 2017.* The Town requests the Court to find Mr. Andres in contempt and to sanction him accordingly; grant the Town its costs and Attorney's fees incurred in the filing of the motion; and grant any additional relief deemed equitable and just.

In a ruling from the bench, the Court found that Mr. Andres had engaged in contemptuous acts, but delayed punishment until receiving an affidavit from Attorney Safar detailing the costs and attorney's fees associated with the motion for contempt. The affidavit, filed May 4, 2017, showed costs of $2,370.00. Mr. Andres did not object or otherwise respond to the Town's affidavit as to attorney's fees.

---

* The original hearing was scheduled March 13, 2017. On that day, Mr. Andres hand delivered a Motion to Recuse the presiding judge in lieu of attending the hearing. The presiding judge referred Mr. Andres's recusal motion to the chief trial judge, who denied the motion.

## Findings of Fact

1.     Mr. Andres owns a seasonal dwelling located at 275 Mills Point Road in Colchester, Vermont ("Subject Property").

2.     The dwelling is located in the Town's R1 Zoning District.

3.     The dwelling is a pre-existing, nonconforming use and may only be inhabited from April 1 through October 31.

4.     The Town brought an enforcement action against Mr. Andres for occupying the camp in the offseason, in violation of the Town's Zoning Regulations.

5.     After a trial on the merits, this Court issued a Merits Decision and Judgment Order on January 31, 2013. Town of Colchester v. Andres, No. 30-3-11 Vtec (Vt. Super. Ct. Envtl. Div. Jan. 31, 2013) (Durkin, J.). The Court granted an injunction prohibiting the use, including occupancy, of the property at 275 Mills Point Road from November 1 through March 31 until Mr. Andres receives all necessary permits and approvals from the Town.

6.     Mr. Andres appealed the decision to the Vermont Supreme Court, which affirmed the injunction. Town of Colchester v. Andres, No. 2013-081, slip op. at 3 (Vt. Nov. 20, 2013) (unpublished mem.), available at https://www.vermontjudiciary.org/sites/default/files/documents/eo13-081.pdf.[2]

7.     Beginning in February 2017, the Town's building inspector observed signs of use and occupation at Mr. Andres's seasonal camp, including tire tracks in the driveway and cars at the property.

8.     On at least four occasions, Andres violated this Court's 2013 Merits Decision and Judgment Order by using the Subject Property.

---

[2] This Court also awarded penalties against Mr. Andres and in favor of the Town, but the Supreme Court remanded the penalty portion of the award for recalculation. Id. This Court then conducted a further hearing on remand and awarded to the Town a slightly reduced total penalty of $19,700.00. Town of Colchester v. Andres, No. 30-3-11 Vtec, slip op. at 4 (Vt. Super. Ct., Envtl. Div. Aug. 28, 2014). Mr. Andres appealed that remanded penalty assessment, and the Supreme Court affirmed that assessment. Town of Colchester v. Andres, No. 14-365, (Vt. Feb. 6, 2015) (unpublished mem.), available at https://www.vermontjudiciary.org/sites/default/files/documents/eo14-365.pdf.

At the April 25, 2017 hearing on the Town's contempt motion, a Town official represented that Mr. Andres had paid the full amount due under the penalty assessment and that the Town's contempt claim was not based in any way on the non-payment of awarded penalties.

9.      Mr. Andres began accessing the Subject Property in November 2016 to check on a diseased tree. He would return to meet with workers from tree cutting services. The tree was pruned by Bartlett Tree Experts on March 24, 2017, based on the invoice Mr. Andres provided to the Court.

10.     The Court concluded that Mr. Andres's assertion that he was only accessing his property to assess and have the diseased tree removed to not be credible. There was ample evidence, including from Mr. Andres's own testimony, that he visited and used his seasonal camp on multiple occasions during the winter months.

11.     Mr. Andres exhibited a disdain for the Court and its injunctive order, and an unwillingness to appreciate the public health dangers of using his seasonal camp year round, especially since his camp is supported by a pre-existing and non-compliant septic system.

12.     The Town incurred $2,370 in costs associated with bringing this contempt action against Mr. Andres, including attorney's fees. Aff. Costs and Att'y Fees.

### Discussion

This Court has inherent and statutory authority to punish disobedience of its orders. In re Morse, 98 Vt. 85, 94 (1924) ("[A] grant of authority to either a legislative or judicial body carries with it implied power to punish for contempt, in so far as necessary to preserve and carry out the legislative authority given."); 12 V.S.A. § 122. Section 122 of Title 12 of the Vermont Statutes Annotated provides for the initiation of contempt proceedings against any party who violates a court order, regardless of whether the case is currently active. 12 V.S.A. § 122. This authority to punish disobedience is a "creature of necessity" meant to ensure that the Court "has a means to vindicate its own authority." See State v. Stell, 2007 VT 106, ¶ 14 (quoting In re C.W., 169 Vt. 512, 517 (1999)).

The purpose of a civil contempt remedy is to compel compliance with a court order. Sheehan v. Ryea, 171 Vt. 511, 512 (2000) (mem.). The Court has discretion to fashion an appropriate remedy. See id. (quoting Russell v. Armitage, 166 Vt. 392, 407–08 (1997)). This may include compensatory fines. Mann v. Levin, 2004 VT 100, ¶ 32, 177 Vt. 261 (citing Vt. Women's Health Ctr. v. Operation Rescue, 159 Vt. 141, 151 (1992)); State v. Pownal Tanning Co., 142 Vt. 601, 603–04 (1983).

The evidence presented by the Town at the contempt hearing through the credible testimony of its building inspector was sufficient to substantiate the Town's claims that Mr. Andres violated the Court's 2013 Merits Decision and Judgment Order on at least four occasions by using or otherwise occupying the Subject Property. The building inspector, Derek Shepardson, observed tire tracks in the driveway and parked cars. In fact, Mr. Andres admitted during his testimony to visiting and using his seasonal camp on several more occasions during the winter months.

Mr. Andres asserted the defense of necessity. In this defense, a defendant admits the illegal act, but claims justification. State v. Warshow, 138 Vt. 22, 24 (1979). Four elements are needed to successfully argue this defense: The situation must be an emergency not caused by the defendant; the emergency must be "so imminent and compelling as to raise a reasonable expectation of harm;" no reasonable opportunity exists to avoid the injury without committing the illegal act; and the imminent harm outweighs the illegal act. Id.

Mr. Andres argued that he needed to be on his property in order to remove a large tree before it fell across his house or the public road. According to Mr. Andres's testimony at hearing, he began visiting the Subject Property in November 2016 to check on the diseased tree. He met during the winter with representatives of tree cutting services before Bartlett Tree Experts pruned the tree on March 24, 2017.

This situation does not meet any of the requirements for the defense of necessity to hold because it fails on the first requirement that there be an actual emergency. Based on the long period of time during which Mr. Andres assessed and finally pruned the tree, and the lack of any actual danger, the condition of the tree did not create an emergency—imminent or otherwise—that required an illegal act to prevent. The Court therefore rejects Mr. Andres's defense.

The Town and Mr. Andres provided sufficient evidence to show that Mr. Andres violated this Court's 2013 Merits Decision and Judgment Order on at least four different occasions by using or occupying his seasonal camp during the prohibited period. Based on this finding of contemptuous acts by Mr. Andres, the Court **GRANTS** the Town's Motion for Contempt and imposes a fine of $2,500 against Mr. Andres. The Court specifically awards more than the Town's actual expenses due to the cavalier nature of Mr. Andres's contempt.

-4-

Electronically signed on July 11, 2017 at Burlington, Vermont, pursuant to V.R.E.F. 7(d).

Thomas S. Durkin, Judge
Environmental Division