IN RE MERTON W. SAGE.

(66 A2d 13)

February Term, 1949.

Present: SHERBURNE, JEFFORDS, CLEARY, JJ. and BLACK, Supr. J.

Opinion filed May 3, 1949

*Edwards & Bigelow* for the petitioner.

CLEARY, J. This is a petition of habeas corpus brought directly to this court. A commissioner was appointed to hear the evidence and report the facts. The relator was committed to Windham County jail on August 1, 1947, on a mittimus issued by the Windham County court in the divorce case of Ruth D. Sage v. Merton W. Sage. He has since been released on bail. The mittimus stated that the court found and adjudged the present relator Merton W. Sage to be in contempt of court for failure to comply with an order for temporary alimony signed by a superior judge. The mittimus directed the keeper of Windham County jail to receive and keep the relator "until he purges himself of contempt of court as is hereinafter stated or is otherwise discharged according to law. The said Merton W. Sage may purge himself of contempt of

court by paying to the keeper of the Windham County jail or to the clerk of the Windham County court or to any other person authorized to receive the same the sum of $401.50 and upon such payment the keeper of the Windham County jail is hereby authorized and directed to release and discharge the said Merton W. Sage from said jail and from custody therein."

The relator presents two grounds for his release. The first ground is that the mittimus is void and the relator illegally confined for two reasons: (a) No definite term of confinement was stated; (b) no express finding of ability to pay was made.

██ Contempts of court are classified as civil or criminal. In a criminal contempt the purpose of the commitment is punitive and in a civil contempt the purpose is coercive. *Clay* v. *Waters,* 178 F 385, 389, 21 Ann Cas 897; *Eastman* v. *Dole,* 213 Ill App 364, 367, 368; *Sullivan* v. *Sullivan,* 23 Tenn App 644, 646, 137 SW2d 306. While the authorities are not uniform it has been held that when the imprisonment is inflicted as a punishment for criminal contempt, a definite term must be named. *People ex. rel. Hinckley* v. *Pirfenbrink,* 96 Ill 68, 71; *Whitten* v. *State,* 36 Ind 196, 216; In re Hammel, 9 RI 248, 249; Rapalje on Contempts, 179. But when the imprisonment is inflicted as a means to compel the party to do some act ordered by the court for the benefit or advantage of the opposite party, a definite term need not be mentioned, and particularly so, when, as here, the order of commitment states how the party can purge himself and obtain his release. *Perry* v. *Pernet,* 165 Ind 67, 70, 71, 74 NE 609, 6 Ann Cas 533, and cases therein cited; *Brown* v. *Brown,* 205 Ind 664, 187 NE 836; *Czarra* v. *Czarra,* 124 Ill App 622; 623; *Boyden* v. *Boyden,* 162 Ill App 77, 83; *Simmons* v. *Palmer,* 33 App D.C. 592, 594.

The commissioner found that the relator was committed as punishment for failure to comply with the temporary order. It is apparent from the facts found that the commissioner used the term "punishment" inadvisedly in the foregoing sense. Although the imprisonment may be defined as a punishment whether in civil or criminal contempt, and is so considered in some of the cases, we think that the use of such term in civil contempt proceedings has a tendency to mislead. Since it clearly appears that the purpose of the commitment was coercive, the finding that the relator was committed as a punishment is to be disregarded. *Archambault* v. *Caselini-Venable Corp.,* 115 Vt 30, 33, 49 A2d 557; *In re Moody Estate,* 115 Vt 1, 9, 49 A2d 562; *Connor* v. *Fed. Dep. Ins. Corp.,* 113

Vt 379, 382, 34 A2d 368, 153 ALR 528; *Mancini* v. *Thomas,* 113 Vt 322, 331, 34 A2d 105.

The relator relies on *In re Leach,* 51 Vt 630, but in that case the court recognized the distinction we have pointed out between criminal and civil contempt. In the present case, unlike the situation in the Leach case, the commitment was ordered after full hearing. The relator also relies on *State ex. rel. Trezevant* v. *J. R. McLeod,* 126 Fla 229 170 So 735, but we think that case fails to make the distinction we have mentioned supra and which is clearly expressed in *State ex. rel. Grebstein* v. *Lehman,* 100 Fla 473, 479, 128 So 811, and the authorities there cited.

The relator contends that the mittimus is void because there was no express finding that the prisoner has power to pay. But the case is not here on exceptions to the findings of the lower court, and they cannot be inquired into by this proceeding, *Ex parte Beavers,* 80 W Va 34, 37, 91 SE 1076. Even if the claim was for consideration the burden was upon the relator to justify his failure to comply. *In re Strong,* 97 NYS 459, 461, affirmed in 186 N. Y. 584, 79 NE 1116; *Sullivan* v. *Sullivan,* 23 Tenn App 644, 647, 137 SW2d 306; *Boyden* v. *Boyden,* 162 Ill.App. 77, 81; *Armijo* v. *Armijo,* 29 N. M. 15, 17, 217 P 623. In the present case the lower ·court expressly found that no satisfactory reason appeared. It follows from what we have said that the mittimus is not void for either reason claimed by the relator.

■ Application for relief on the ground of inability to pay should be made to the court below. *Ex parte Beavers,* 80 W Va 34, 37, 91 SE 1076. The record shows that the relator did so and the court declined to take cognizance on the ground that the matter had become *res judicata* because of our decision in *Sage* v. *Sage,* 115 Vt 364, 61 A2d 557. But all that case decided regarding the contempt was that the court's finding was without error. So the question of the relator's present inability to pay is not *res judicata.*

The final ground for release claimed by the relator is because, having insufficient money to comply with the order, his failure to apply for relief from time to time constituted a misapprehension of his duties. The Vermont Statutes, Revision of 1947, § 2105, authorizes a discharge from imprisonment when it appears that the disobedience or contempt was committed through ignorance, mistake, or misapprehension, . . . and that relief may be granted without impairing the rights of the parties concerned or the due administration of the law. Here the rights of relator's former

wife and four dependent children are concerned and would be impaired if he were released without compliance with the order. Under all the circumstances we feel that due administration of law demands that the relator direct his appeal to the court whose orders he has persistently violated, there to be dealt with as seems just.

*Therefore it is adjudged that the relator Merton W. Sage is not illegally deprived of his liberty and he is remanded into the custody of the keeper of Windham County jail whence he was taken and his petition is dismissed.*