### Viola Horton v. D. Michael Chamberlain

[566 A.2d 953]

No. 86-539

Present: **Allen, C.J., Peck and Dooley, JJ., and Barney, C.J. (Ret.) and Springer, D.J. (Ret.), Specially Assigned**

Opinion Filed April 7, 1989

Motion for Reargument Denied August 24, 1989

*Thomas P. Salmon* and *Richard H. Coutant* of *Salmon & Nostrand,* Bellows Falls, for Plaintiff-Appellant.

*Allan R. Keyes* of *Ryan Smith & Carbine, Ltd.,* Rutland, for Defendant-Appellee.

**Allen, C.J.** Plaintiff instituted this action against defendant sheriff seeking damages for an alleged false imprisonment, assault and battery, and violation of the Civil Rights Act, 42 U.S.C. § 1983. The parties filed cross-motions for summary judgment on the false imprisonment claim and the trial court, after a hearing, granted defendant's motion and denied plaintiff's motion. The trial court granted plaintiff permission to appeal. The controlling question which she seeks to have determined is whether the invalidity of the mittimus under which she was arrested was so apparent as to render the defendant liable. We hold that it was not.

Plaintiff was found in contempt in a related suit initiated by an insurance company to recover premiums claimed to be due from plaintiff's husband and two corporate defendants, of which plaintiff was vice president. The defendants, in that action, failed to answer the complaint, and a default judgment was entered against them. Following their default, the insurance company propounded post judgement interrogatories against the defendants, which they also failed to answer. The trial court then granted a motion to compel answers and, following a further failure by any of the defendants to respond to this order, the court granted a motion for sanctions.

The defendants were ordered to appear and show cause why they should not be adjudged in contempt and punished therefor. After failing to appear for the scheduled show-cause hearing, the court adjudged plaintiff, in her capacity as vice president of the two corporate defendants, to be in contempt "because of her failure to appear as directed" and further ordered that a mittimus issue for her incarceration unless she answered the interrogatories within fifteen days. The order and mittimus were served upon the plaintiff, and she was subsequently incarcerated for failure to provide answers. This action resulted. It is undisputed that plaintiff was not a party to the litigation initiated by the insurance company and was never served with the order allegedly violated.

■ On appeal plaintiff contends that the mittimus was void on its face and that defendant is liable for false imprisonment as a matter of law. We disagree. Sheriffs are required to receive, execute and return all writs and precepts issued to them from lawful authority. 12 V.S.A. § 696. If the process conforms in kind to that which the court has jurisdiction to issue, the officer's liability depends on whether there is a defect discoverable by an examination of the process itself. See *Williams v. Franzoni*, 217 F.2d 533, 534 (2d Cir. 1954). His inquiry as to the validity of the process is limited to an examination of the instrument itself. *Fleming v. McEnany*, 491 F.2d 1353, 1357 (2d Cir. 1974). Process which is not "absolutely void on its face" provides sufficient justification for the officer who serves it. *Id.* If there is a defect apparent on its face which renders the process void, the officer is liable for an arrest

made pursuant to such process. See *Hazen v. Creller*, 83 Vt. 460, 462, 76 A. 145, 146 (1910).

■■ The plaintiff here argues that the process was void on its face because she was not named in the caption of the order or mittimus as a party defendant and that under 12 V.S.A. § 122* contempt proceedings may be instituted only against a party for a violation of a court order. The statute, however, imposes no limit on the persons that a court may punish for contempt. Its sole purpose is to set forth the procedures to be followed when a party violates a court order. An examination of the order and mittimus discloses that the plaintiff was adjudged to be in contempt for failing in her capacity as vice president of the defendant corporations to comply with previously issued orders of the court. The sanction of contempt is specifically authorized by V.R.C.P. 37(b)(2)(D) for failure by an officer of a party to obey a discovery order of a court. The order was within the jurisdiction of the court to issue and was not void on its face. The sheriff was not required to look beyond the mittimus to ascertain whether there was some underlying failure that would render its command void. *Gage v. Barnes*, 11 Vt. 195, 196 (1839).

*The controlling question is answered in the negative and the matter is remanded for further proceedings on the remaining claims.*

---

* 12 V.S.A. § 122 reads:

When a party violates an order made against him in a cause brought to or pending before a superior judge or a county court or the district court after service of the order upon that party, contempt proceedings may be instituted against him before the court or any superior judge. When, in a cause no longer on the docket of the court, the proceedings are brought before a superior judge, that judge shall order forthwith the cause to be brought forward on the docket of the court and may issue concurrently with the order a summons or capias against the party. The issuing of the summons or capias and any further proceedings thereon shall be minuted on the docket.