**State of Vermont**
**Superior Court — Environmental Division**

======================================================================
### E N T R Y   R E G A R D I N G   M O T I O N
======================================================================

**ANR v. Second City Prop., LLC & Second City, LLC**          **Docket No. 100-7-11 Vtec**
**(ANR Enforcement Emergency Order)**

Title: Motion to Show Cause (Filing No. 1), Motion to Amend (Filing No. 2)

Filed: October 24, 2011; February 3, 2012

Filed By: Petitioner Agency of Natural Resources

Response: None

_____ Granted          ___ Denied          _X_ Other

After hearing from the parties, the December 20, 2011 hearing on the Order to Show Cause was continued to allow Respondents time to complete certain activities identified in the Corrective Action Plan (CAP). The hearing was reconvened January 23, 2011, with John Zaikowski, Esq., attorney for Petitioner the Vermont Agency of Natural Resources (ANR) participating. John Ruggiero, Manager of Respondents, did not participate and no other representative of Respondents was present.

Mr. Zaikowski reported that he did not know the status of Respondents' excavation activities identified in the CAP. Pursuant to this Court's December 21, 2011 Order these excavation activities were to be completed by January 20, 2012. Mr. Zaikowski also reported that the parties did jointly produce and send a letter, as required by this Court's December 21, 2011 Order, to the adjoining property owner JAMAC requesting an Access Agreement to allow for full completion of the CAP.

The court noticed a reconvened hearing on the Order to Show Cause for February 10, 2012. The parties were directed to be prepared to present evidence and arguments regarding the pending motion for contempt for the alleged violation of the Court's July 19, 2011 Order.

On February 3, 2012, ANR filed a Motion to Amend its contempt petition. ANR provided property records showing that by an August 5, 2011 Quit Claim Deed, Second City Properties, LLC transferred the subject property to 84 Woodstock LLC. ANR represents that 84 Woodstock, LLC is a Vermont limited liability company wholly controlled and managed by Mr. Ruggiero. ANR asks that 84 Woodstock, LLC be added as a Respondent to this proceeding. There has been no response to ANR's motion.

The show-cause hearing was reconvened February 10, 2012, with John Zaikowski, Esq., attorney for Petitioner ANR participating. John Ruggiero, Manager of Respondents, did not participate and no other representative of Respondents was present. The Court received testimony and evidence from ANR. Mr. Matthew Becker, Environmental Analyst for ANR, testified that he is the ANR staffer in charge of tracking CAP activities for this matter. Mr. Becker testified that as of 8:30 am, February 10, 2012, no on-site excavation or off-site barrier

installation activities had been undertaken. Mr. Becker further testified that ANR had no recent contact with Mr. Ruggiero regarding this matter.

Mr. Becker estimated that installation of the granular iron permeable reactive barrier on the neighboring JAMAC property would require 2 days of effort at a cost of approximately $40,000. Mr. Becker estimated that the on-site soil excavation, disposal and filling activities would require 3 to 5 days to complete at a cost of approximately $64,000.

12 V.S.A. § 122 provides for the initiation of contempt proceedings against any party that violates a court order, regardless of whether the case is currently active. This section does not limit the parties against whom contempt proceedings may be initiated, nor does it limit the persons that may be punished for their actions that are in contempt of a court order. Vt. Women's Health Ctr. v. Operation Rescue, 159 Vt. 141, 145 (1992); Horton v. Chamberlain, 152 Vt. 351, 354 (1989).

Compensatory fines and coercive sanctions may be imposed on a civil contemnor; however, these must be purgeable, avoidable by adhering to the court's order. Mann v. Levin, 2004 VT 100, ¶ 32, 177 Vt. 261 (citing Vt. Women's Health Ctr., 159 Vt. at 151); see 12 V.S.A. § 122; State v. Pownal Tanning Co., 142 Vt. 601, 603-604 (1983). Further, imprisonment can be inflicted as a means to compel the party to do some act ordered by the court. In re Sage, 115 Vt. 516, 517 (1949); see 12 V.S.A. § 123. This Court is prepared to impose such sanctions where a respondent is ignoring a court order.

Based upon the foregoing, it is ORDERED that:

1. ANR's Motion to add 84 Woodstock, LLC as a Respondent in this contempt proceeding is **GRANTED**.
2. On or before **March 14, 2012**, Respondents shall complete all activities identified in the Corrective Action Plan, including the physical removal of source area contaminated soil and installation of the granular iron permeable reactive barrier (PRB). Should respondents encounter a problem with access to the JAMAC property relating to the PRB installation, then respondents shall timely file a motion, including supporting evidence, seeking additional time. Such a motion must be filed prior to March 14, 2012 to be considered timely.
3. Beginning on the date of this Order, and continuing until CAP completion, Respondents are hereby sanctioned a $25.00 per day fine. This accumulating fine is fully purgeable upon timely completion of the CAP; meaning for the fine to be purged, the CAP actions must be completed on or before March 14, 2012 or as extended for good cause. Should Respondents fail to complete the CAP, the fine will become due on March 14, 2012, payable to the Vermont State Treasurer.
4. ANR's Petition seeks incarceration. The Court will postpone consideration of this relief at this time, however, incarceration may be considered if Respondents fail to comply with the Court's order.
5. The court will hold a reconvened hearing on the Order to Show Cause pursuant to the Notice issued contemporaneously with this Order. The parties should be prepared to present evidence and arguments regarding the pending motion for contempt for the alleged violation of the Court's July 19, 2011 Order.
6. The hearing on the Order to Show Cause is continued. The Court will hold a reconvened hearing on the Order to Show Cause pursuant to the Notice issued contemporaneously with this Order.

_____     _____February 13, 2012_____
                Thomas G. Walsh, Judge                                       Date
==================================================================
Date copies sent to: _____                          Clerk's Initials _____
Copies sent to:

   John Zaikowski, Attorney for Petitioner Vermont Agency of Natural Resources

   John Ruggiero, Manager of Respondents Second City Properties, LLC, Second City, LLC, and 84 Woodstock, LLC