## State of Vermont
### Superior Court—Environmental Division

======================================================================
# E N T R Y   R E G A R D I N G   M O T I O N
======================================================================

**ANR v. Second City Prop., LLC & Second City, LLC**          **Docket No. 100-7-11 Vtec**
**(ANR Enforcement Emergency Order)**

Title: Motion to Show Cause (Filing No. 1), Motion for Sanctions (Filing No. 4)

Filed: October 24, 2011; April 4, 2012

Filed By: Petitioner Agency of Natural Resources

Response: None

___ Granted          ___ Denied          _X_ Other

Following a status conference with the parties, the December 20, 2011 hearing on the Order to Show Cause in this matter was continued to allow Second City Property, LLC and Second City, LLC (Respondents)[1] time to complete certain activities identified in the Corrective Action Plan (CAP). The hearing reconvened January 23, 2011, February 10, 2012, and April 25, 2012, with John Zaikowski, Esq., attorney for Petitioner the Vermont Agency of Natural Resources (ANR) participating. John Ruggiero, Manager of Respondents, appeared pro se on behalf of Respondents and participated in the December 20, 2011 hearing and April 25, 2012 reconvened hearing. Neither Mr. Ruggiero nor any other representative of Respondents was present for the January 23 and February 10 hearings.

On April 5, 2012, ANR filed a Motion for Sanctions asking that the purgeable $250-per-day fine set forth in this Court's February 16, 2012 Entry Order be imposed as a non-purgeable sanction and continue to accrue until completion of the CAP.

During the April 25 reconvened hearing, the Court received testimony and evidence regarding the lack of progress by Respondents with the CAP activities. Mr. Matthew Becker, Environmental Analyst for ANR, testified that he is the ANR staffer in charge of tracking CAP activities for this matter. Mr. Becker testified that as of 12:20 PM, April 25, 2012, no on-site excavation or off-site barrier installation activities had been undertaken. The Court also received testimony and evidence from Mr. Patrick Lowkes, ANR Enforcement Officer for Rutland County and Mr. Ethan Abatiell, Vice President of JAMAC (owner of the parcel adjacent to the subject property).

In response to the testimony offered by ANR, Mr. Ruggiero testified that he has contracted with an engineer and excavation company to perform the CAP activities. Furthermore, Mr. Ruggiero testified that he has made arrangements for the disposal of the contaminated material to be excavated pursuant to the CAP. Mr. Ruggiero testified that the Respondents were without funds to carry out the CAP activities and that this was the reason for

---

[1] 84 Woodstock, LLC was added as a Respondent as part of the Court's February 16, 2012 Entry Order.

the delay in CAP completion.  He also stated that a pending property sale would provide the needed funds.

Mr. Ruggiero testified that he estimates the CAP's on-site work will cost $35,000 while the off-site granular iron permeable reactive barrier installation will likely cost $65,000.  During the February 10, 2012 hearing, ANR's Environmental Analyst, Mr. Becker, estimated that installation of the barrier on the neighboring JAMAC property would require 2 days of effort at a cost of approximately $40,000.  Mr. Becker estimated that the on-site soil excavation, disposal, and filling activities would require 3 to 5 days to complete at a cost of approximately $64,000.  Thus, while the parties' estimates vary, both ANR and respondents agree that completion of the CAP may cost more than $100,000.  During the April 25, 2012 hearing, the Court took a brief recess to allow the parties to develop a revised schedule for CAP completion, which is set forth below.

Section 122 of Title 12 of the Vermont Statutes Annotated provides for the initiation of contempt proceedings against any party that violates a court order, regardless of whether the case is currently active.  This section does not limit the parties against whom contempt proceedings may be initiated, nor does it limit the persons that may be punished for their actions that are in contempt of a court order.  Vt. Women's Health Ctr. v. Operation Rescue, 159 Vt. 141, 145 (1992); Horton v. Chamberlain, 152 Vt. 351, 354 (1989).

Compensatory fines and coercive sanctions may be imposed on a civil contemnor; however, these must be purgeable, i.e., avoidable by adhering to the court's order.  Mann v. Levin, 2004 VT 100, ¶ 32, 177 Vt. 261 (citing Vt. Women's Health Ctr., 159 Vt. at 151); see 12 V.S.A. § 122; State v. Pownal Tanning Co., 142 Vt. 601, 603-604 (1983).  Further, imprisonment can be inflicted as a means to compel the party to do some act ordered by the court.  In re Sage, 115 Vt. 516, 517 (1949); see 12 V.S.A. § 123.  This Court is prepared to impose such fines or sanctions where a respondent is ignoring a court order.

Based upon the foregoing, it is ORDERED that:

1. ANR's Motion for Sanctions is **DENIED**; however, ANR may re-file its motion, or a similar one, should Respondents fail to comply with the below schedule for CAP completion.

2. Within 7 days of the issuance of this Order, Respondents shall secure access to the JAMAC site for CAP activities by either:
   a. Finalizing a Purchase Agreement for the JAMAC site, or
   b. Entering into an Access Agreement with JAMAC.

3. Within 10 days of the issuance of this Order, Respondents shall file with the Court and provide a copy to ANR either the purchase agreement or access agreement.

4. Within 20 days of the issuance of this Order, Respondents shall complete the CAP activities on the JAMAC site—i.e., install the granular iron permeable reactive barrier—or file with the Court a request for an extension of this deadline, including supporting evidence with their request.  Respondents are directed to first communicate with ANR regarding any extension request and attempt to obtain a stipulation with ANR for the desired extension.

5. Within 30 days of the issuance of this Order, Respondents shall complete all CAP activities, including the physical removal of source area contaminated soil and installation of the granular iron permeable reactive barrier, or file with the Court a request for an extension of this deadline, including supporting evidence with their request. Respondents are directed to first communicate with ANR regarding any extension request and attempt to obtain a stipulation with ANR for the desired extension.

6. This Court's February 16 Entry Order imposed the following purgeable fine:

> Beginning on the date of this Order [February 16], and continuing until CAP completion, Respondents are hereby sanctioned a $250.00 per day fine. This accumulating fine is fully purgeable upon timely completion of the CAP; . . . .

It is hereby ordered that this sanction shall continue and is unmodified by this order. Should Respondents fail to complete the CAP upon the terms of the above ordered schedule, then the fine will become due upon motion made by ANR, payable to the Vermont State Treasurer.

7. ANR's Petition seeks incarceration. The Court will postpone consideration of such relief at this time; however, incarceration may be considered if Respondents fail to comply with this Order.

8. The hearing on the Order to Show Cause is continued. The Court may hold a reconvened hearing on the Order to Show Cause upon motion of ANR.

9. Upon completion of the CAP, ANR is directed to file a brief report with the Court so that this matter may be concluded.

_____          _____April 26, 2012_____
               Thomas G. Walsh, Judge                                    Date

=====================================================================
Date copies sent to: _____                         Clerk's Initials _____
Copies sent to:

  John Zaikowski, Attorney for Petitioner Vermont Agency of Natural Resources

  John Ruggiero, Manager of Respondents Second City Properties, LLC, Second City, LLC, and 84 Woodstock, LLC