**State of Vermont**
**Superior Court—Environmental Division**

========================================================================
### E N T R Y  R E G A R D I N G  M O T I O N
========================================================================

**ANR v. Second City Prop., LLC & Second City, LLC**          **Docket No. 100-7-11 Vtec**
**(ANR Enforcement Emergency Order)**

Title: Motion for Sanctions (Filing No. 5)

Filed: June 18, 2012

Filed By: Petitioner Agency of Natural Resources

Response: None

 X  Granted                    __ Denied                    __ Other

This matter relates back to a July 19, 2011 Stipulated Emergency Order. Respondents have failed to comply with the July 19 Order and several more recent orders. The Court held a hearing on the pending motion for post-judgment sanctions on August 2, 2012. This Entry Order expresses the findings and order rendered on the record at the conclusion of the in-person hearing.

On October 24, 2011, the Vermont Agency of Natural Resources (ANR) petitioned the Court for an order to show cause why Second City Property, LLC and Second City, LLC (Respondents)[1] should not be sanctioned for contempt. Following a status conference with the parties, the Court continued the December 20, 2011 hearing on the Order to Show Cause to allow Respondents time to complete certain activities identified in the Corrective Action Plan (the CAP). The hearing reconvened January 23, 2012; February 10, 2012; April 25, 2012; and August 2, 2012. The current timeline for completion of the CAP was established in our April 26, 2012 Order.

Appearing in these proceedings for ANR is John Zaikowski, Esq. John Ruggiero, Manager of Respondents, appeared pro se on behalf of Respondents and participated in the December 20, 2011 hearing and the April 25 and August 2, 2012 reconvened hearings. Neither Mr. Ruggiero nor any other representative of Respondents was present for the January 23 and February 10 hearings.

On April 5, 2012, ANR filed a Motion for Post-Judgment Sanctions asking that the purgeable $250-per-day fine set forth in this Court's February 16, 2012 Entry Order be imposed as a non-purgeable sanction and continue to accrue until completion of the CAP. ANR is asking for these sanctions because Respondents have not completed the CAP activities, which include excavation and disposal of contaminated soil and installation of a granular iron permeable reactive barrier.

---
[1] 84 Woodstock, LLC was added as a Respondent as part of the Court's February 16, 2012 Entry Order.

During the April 25 and August 2, 2012 reconvened hearings, the Court received testimony and evidence regarding the lack of progress by Respondents with regard to the CAP activities. Mr. Matthew Becker, Environmental Analyst for ANR, testified that he is the ANR staffer in charge of tracking CAP activities for this matter. Mr. Becker testified that as of 8:45 a.m., August 2, 2012, no on-site excavation or off-site barrier installation activities had been undertaken. Mr. Becker testified that, although 84 Woodstock Avenue had recently been cleared of vegetation and rubbish in preparation for excavation, no excavation work was apparent. Mr. Becker also observed a single cut in the concrete slab at 84 Woodstock Avenue, presumably also in preparation for excavation.

The Court also received testimony on behalf of ANR from Mr. Ethan Abatiell, Vice President of JAMAC. JAMAC owns the parcels identified as lots 5 and 6 which are adjacent to the subject property and front on Harrington Avenue. The granular iron permeable reactive barrier is to be installed on lots 5 and 6. Mr. Abatiell testified regarding JAMAC's negotiation with Mr. Ruggiero for the purchase of the two JAMAC parcels. Mr. Abatiell's testimony was in accord with Mr. Ruggiero's testimony summarized below.

In response to the testimony offered by ANR, Mr. Ruggiero testified that he has renegotiated his contracts with an engineer and an excavation company to perform the CAP activities. Furthermore, Mr. Ruggiero testified that he has made arrangements for the disposal of the excavated contaminated material. Mr. Ruggiero testified that he has a verbal agreement to purchase JAMAC lots 5 and 6, that he has prepared draft deeds for the purchase and shared them with Mr. Abatiell, and that last week Mr. Abatiell provided revised deeds acceptable to Mr. Ruggiero. Mr. Ruggiero explained that, without first purchasing the JAMAC lots, he does not have any right to access the JAMAC lots to install the barrier required by the CAP.

Mr. Ruggiero acknowledged that Respondents have not completed the CAP. Mr. Ruggiero then testified that Respondents are without funds to carry out the CAP activities beyond purchasing the JAMAC lots and that this is the reason for the ongoing delay in CAP completion. He also stated that he had thought that a real property sale he undertook in April would have provided the needed funds; however, he is now contemplating filing bankruptcy because sufficient funds were not generated by that sale. Mr. Ruggiero stated that he needs approximately $161,000 to complete the CAP.

At the close of the August 2, 2012 hearing, the Court took a brief recess to allow the parties to develop a revised approach for CAP completion. Based on the evidence presented during the hearing, the Court also concluded that fines are appropriate in this matter, and we discuss those now.

Section 122 of Title 12 of the Vermont Statutes Annotated provides for the initiation of contempt proceedings against any party who violates a court order, regardless of whether the case is currently active. 12 V.S.A. § 122. This section does not limit the parties against whom contempt proceedings may be initiated, nor does it limit the persons who may be punished for their actions that are in contempt of a court order. See Vt. Women's Health Ctr. v. Operation Rescue, 159 Vt. 141, 145 (1992); Horton v. Chamberlain, 152 Vt. 351, 354 (1989).

Compensatory fines and coercive sanctions may be imposed on a civil contemnor; however, coercive sanctions must be purgeable, i.e., avoidable by adherence to the court's order. Mann v. Levin, 2004 VT 100, ¶ 32, 177 Vt. 261 (citing Vt. Women's Health Ctr., 159 Vt. at 151); State v. Pownal Tanning Co., 142 Vt. 601, 603-604 (1983). Further, imprisonment can be

imposed as a means to compel the party to perform some act ordered by the court. See <u>In re Sage</u>, 115 Vt. 516, 517 (1949); 12 V.S.A. § 123.

This Court's February 16, 2012 Entry Order imposed the following purgeable fine:

> a. Beginning on the date of this Order [February 16], and continuing until CAP completion, Respondents are hereby sanctioned a $250.00 per day fine. This accumulating fine is fully purgeable upon timely completion of the CAP . . . .

This Court's April 26, 2012 Entry Order continued this sanction unmodified. These prior orders provided that should Respondents fail to complete the CAP upon the terms of the schedule set forth in the Orders, then the fine will become due upon motion made by ANR, and would be payable to the Vermont State Treasurer.

With the current pending motion, ANR has again sought sanctions against Respondents, arguing that Respondents have failed to complete the CAP within the schedule set by the Court's April 26, 2012 Order. ANR has calculated that Respondents are responsible for 100 days of continuing violations, and, therefore, ANR asks for a fine of $25,000. ANR asserts that this level of fine is an appropriate response to Respondents' failure to complete the CAP and will encourage both these Respondents and the regulated community as a whole to comply with court orders.

In response to ANR's request for sanctions, Mr. Ruggiero argues that full completion of the CAP was not within his control until JAMAC was subpoenaed into Court for the April 26, 2012 hearing, as Respondents were without access to the JAMAC parcels. Mr. Ruggiero argues that he believes a $1,000 fine is more appropriate in this matter.

The Court determines that a **FINE of $5,000** is warranted for Respondents' failure to timely complete the CAP, for Respondents' disregard of this Court's prior orders to either complete the CAP or negotiate with ANR for additional time, and for deterrent value. The Court concludes that there are mitigating circumstances which reduce the full fine of $25,000. First, the CAP, in part, required work upon land to which Respondents had no access. Mr. Ruggiero, on behalf of Respondents, has negotiated for the purchase of these necessary lots, has agreed to purchase the lots and is granting ANR full access for CAP completion. Further mitigating the level of fine is Respondents' separate agreement to reimburse ANR for its costs in completing the CAP and providing ANR with liens upon real property to secure this reimbursement.

Based upon the foregoing, we find and conclude that Respondents have failed to complete the CAP as incorporated into the Court's July 19, 2011 Stipulated Emergency Order and as amended most recently by the Court's April 26, 2012 Order. ANR's Motion for Sanctions is **GRANTED**, and we **ORDER** the following.[2]

---

[2] This Order incorporates the parties' agreement whereby Respondents will acquire the JAMAC lots and ANR will undertake completion of the CAP, and, once the CAP is completed, Respondents will reimburse ANR for the costs of the CAP.

1. Pursuant to the parties' agreement and as ordered during the August 2, 2012 hearing, on or before **August 9, 2012**, Respondents shall purchase JAMAC lots 5 and 6 located off of Harrington Avenue.  Respondents shall cause copies of deeds, with the town clerk's notation of the date, book and page of recording, to be both filed with this Court and served on ANR.  Copies of the recorded deeds shall be mailed to the Court and ANR on or before **August 10, 2012**.

2. During a recess of the August 2, 2012 hearing, the parties entered into an access agreement providing ANR with the right to enter and carry out all CAP activities on 84 Woodstock Avenue and JAMAC lots 5 and 6, located off of Harrington Avenue.  The access agreement is hereby incorporated and made part of this Order.  Thus, ANR now has the right to enter these properties, undertake the physical removal of source area contaminated soil, and install a granular iron permeable reactive barrier as identified in the CAP.

3. Any reasonable costs that ANR incurs in carrying out the CAP are fully reimburseable by Respondents.  Furthermore, ANR is hereby entitled to a lien on the subject three properties for this reimbursement.  John Ruggiero, as the sole member of 84 Woodstock, LLC; 5 Harrington, LLC; and 6 Harrington, LLC, acknowledged his authority and provided assent to the lien securing the refundable CAP costs.  ANR, in consultation with the Attorney General, will work with Mr. Ruggiero as to the form and documentation for these liens.

4. Respondents shall pay a **FINE** of **$5,000** payable to the Treasurer, State of Vermont. This fine is due and payable within 30 days of this Order.  Payment shall be by check made payable to the "Treasurer, State of Vermont" and forwarded to:

    > Sarah Hosford, Administrative Assistant
    > Compliance and Enforcement Division
    > Agency of Natural Resources
    > 103 South Main Street/Old Cannery
    > Waterbury, VT 05671-4910

5. Upon completion of the CAP, ANR is directed to file a brief report with the Court so that this matter may be concluded.

ANR's petition also seeks incarceration.  The Court will **POSTPONE** consideration of such relief at this time; however, incarceration may be considered if Respondents fail to comply with this Order.  The hearing on the Order to Show Cause is **CONTINUED**.  The Court will hold a reconvened hearing on the Order to Show Cause upon motion by ANR.

_____                    _____August  9, 2012_____
        Thomas G. Walsh, Judge                                              Date

=================================================================

Date copies sent to: _____                         Clerk's Initials _____

Copies sent to:

   John Zaikowski, Attorney for Petitioner Vermont Agency of Natural Resources

   Respondents Second City Properties, LLC; Second City, LLC; and 84 Woodstock, LLC