**State of Vermont**
**Superior Court—Environmental Division**

======================================================================
## E N T R Y   R E G A R D I N G   M O T I O N
======================================================================

**In re Harrison Conditional Use Permit**                    **Docket No. 83-6-12 Vtec**
**(Appeal from Berkshire DRB approval)**

Title: Motion to Show Cause

Filed: August 6 and September 24, 2013

Filed By:  Stacy Silloway

Response: None


___  Granted                    ___  Denied                    _X_  Other


Amy Harrison d/b/a Phoenix House Restaurant & Bakery obtained Conditional Use Approval from the Town of Berkshire Development Review Board (DRB) for a restaurant, bakery, and rental unit located at 7 Potato Hill Road, West Berkshire, Vermont (the Project).  Stacy Silloway, the owner of an adjoining parcel at 61 Potato Hill Road, appealed the DRB's November 5, 2012 approval and raised five questions for the Court to review.  Both Applicant and Appellant represent themselves in this matter.

In a June 6, 2013 Order we affirmed the DRB's November 2012 approval, including all findings, conclusions, and conditions.  Additionally we imposed screening requirements for the Project to satisfy Section 5.8 of the Berkshire Land Use and Development Regulations.  The additional screening included a fence and plantings, the details of which resulted from an agreement of the parties.  The additional screening was to be completed by August 1, 2013.

On August 6, 2013, Ms. Silloway filed a letter requesting enforcement of our June 6, 2013 Order and again on September 4, 2013 filed a Motion for Enforcement of Judgment Order.  On October 8, 2013 we issued an order requiring that Amy Harrison d/b/a Phoenix House Restaurant & Bakery appear in person before this Court on October 31, 2013, to show cause why she should not be found in contempt of this Court for failing to comply with the Court's June 6, 2013 Order.

12 V.S.A. § 122 provides for the initiation of contempt proceedings against any party that violates a court order, regardless of whether the case is currently active.  This section does not limit the parties against whom contempt proceedings may be initiated, nor does it limit the persons that may be punished for their actions that are in contempt of a court order.  Vt. Women's Health Ctr. v. Operation Rescue, 159 Vt. 141, 145 (1992); Horton v. Chamberlain, 152 Vt. 351, 354 (1989).[1]  This Court is prepared to impose such sanctions where a respondent is ignoring a court order.

---

[1] Furthermore, imprisonment can be inflicted as a means to compel the party to do some act ordered by the court.  In re Sage, 115 Vt. 516, 517 (1949); see 12 V.S.A. § 123.

During the October 31, 2013 show cause hearing, Ms. Harrison acknowledged that the screening required by the June 6, 2013 Order has not been completed. Ms. Harrison explained that she rents the subject property from the owner, Mr. George Ewins, and that he refuses to allow Ms. Harrison to install the screening fence and to plant the screening trees. Ms. Silloway stated that this was the first time she was made aware of Mr. Ewins refusal to allow for installation of the fence and trees.

The Court again explained to Ms. Harrison that the permit authorizing her operation of the Phoenix House Restaurant & Bakery is contingent upon the screening requirements. The Court stressed that if screening is not immediately implemented the permit would be voided and she would have no choice but to close her business. Lastly, the Court warned Ms. Harrison that significant fines could be imposed because of her failure to comply with the June 6, 2013 Order.

Ms. Harrison asked for an opportunity to communicate with Mr. Ewins in the hopes that Mr. Ewins will allow the screening to be implemented. Ms. Harrison also asked that the show cause hearing be reset to allow Mr. Ewins to appear before the Court to ensure that he has a full appreciation of the need for screening to allow the Phoenix House Restaurant & Bakery to continue its operations.

Based upon the forgoing, it is ORDERED that:

1. The hearing on the Order to Show Cause is continued.

2. The Court will hold a reconvened hearing on the Order to Show Cause on November 12, 2013, pursuant to the Notice issued contemporaneously with this Order.

3. The parties should be prepared to present evidence of compliance with the Court's June 6, 2013 Order.

4. If at the November 12, 2013 reconvened hearing Ms. Harrison advises the Court that Mr. Ewins continues to withhold permission to implement the screening requirements of our June 6, 2013 Order, the Court will likely void the conditional use approval and require the Phoenix House Restaurant & Bakery to close.

5. The Court postpones consideration of imposing penalties at this time, however, penalties and reimbursement of movant's costs incurred in this show cause hearing will be considered if Ms. Harrison fails to comply with the Court's June 6, 2013 Order.

_____          _____October 31, 2013_____
        Thomas G. Walsh, Judge                              Date
========================================================================
Date copies sent to: _____                    Clerk's Initials _____
Copies sent to:
        Appellant Stacy Silloway
        Appellee Amy Harrison