## State of Vermont
### Superior Court—Environmental Division

======================================================================

# E N T R Y   R E G A R D I N G   M O T I O N

======================================================================

**In re Harrison Conditional Use Permit**                                    **Docket No. 155-11-12 Vtec**
**(Appeal from Berkshire DRB approval)**

Title: Motion to Show Cause
Filed: August 6 and September 24, 2013
Filed By: Stacy Silloway
Response: None


___ Granted                              ___ Denied                              _X_ Other


Amy Harrison d/b/a Phoenix House Restaurant & Bakery obtained Conditional Use Approval from the Town of Berkshire Development Review Board (DRB) for a restaurant, bakery, and rental unit located at 7 Potato Hill Road, West Berkshire, Vermont (the Project). Stacy Silloway, the owner of an adjoining parcel at 61 Potato Hill Road, appealed the DRB's November 5, 2012 approval and raised five questions for the Court to review. Both Applicant and Appellant represent themselves in this matter.

In a June 6, 2013 Order we affirmed the DRB's November 2012 approval, including all findings, conclusions, and conditions. Additionally we imposed screening requirements for the Project to satisfy Section 5.8 of the Berkshire Land Use and Development Regulations. The additional screening included a fence and plantings, the details of which resulted from an agreement of the parties. The additional screening was to be completed by August 1, 2013.

On August 6, 2013, Ms. Silloway filed a letter requesting enforcement of our June 6, 2013 Order and again on September 4, 2013 filed a Motion for Enforcement of Judgment Order. On October 8, 2013 we issued an order requiring that Amy Harrison d/b/a Phoenix House Restaurant & Bakery appear in person before this Court on October 31, 2013, to show cause why she should not be found in contempt of this Court for failing to comply with the Court's June 6, 2013 Order.

12 V.S.A. § 122 provides for the initiation of contempt proceedings against any party that violates a court order, regardless of whether the case is currently active. This section does not limit the parties against whom contempt proceedings may be initiated, nor does it limit the persons that may be punished for their actions that are in contempt of a court order. Vt. Women's Health Ctr. v. Operation Rescue, 159 Vt. 141, 145 (1992); Horton v. Chamberlain, 152 Vt. 351, 354 (1989).[1] This Court is prepared to impose such sanctions where a respondent is ignoring a court order.

---

[1] Furthermore, imprisonment can be inflicted as a means to compel the party to do some act ordered by the court. In re Sage, 115 Vt. 516, 517 (1949); see 12 V.S.A. § 123.

During the October 31, 2013 show cause hearing, Ms. Harrison acknowledged that the screening required by the June 6, 2013 Order had not been completed.  Ms. Harrison explained that she rents the subject property from the owner, Mr. George Ewins, and at that time he refused to allow Ms. Harrison to install the screening fence and to plant the screening trees.  Ms. Harrison asked for an opportunity to communicate with Mr. Ewins in the hopes that Mr. Ewins would allow the screening to be implemented.  Ms. Harrison also asked that the show cause hearing be reset to allow for progress to be made toward full compliance with the screening requirements.

The Court reconvened the show cause hearing on November 12, 2013.  Ms. Harrison and Ms. Silloway both appeared.  Additionally, Mrs. Maxi Ewins appeared.  Ms. Harrison and Mrs. Ewins reported that fencing had been ordered, Mr. Jeff Lawyer had been retained to install the fence, and that 35 six foot tall  cedar trees had been purchased from Drinkwater Nursery in Waterford, Vermont.  The parties agreed to have the line staked were the fence was to be installed so Ms. Silloway could raise any concerns in advance of installation.  The parties also agreed to have the fence builder and nursery review existing trees to ensure the screening improvements would not be compromised by falling branches or trees.  Mrs. Ewins and Ms. Harrison expected that the fence and trees would be installed and planted within the next one to two weeks.

Based upon the forgoing, it is **ORDERED** that:

1.  All fencing and screening trees shall be installed and planted prior to December 13, 2013.

2.  The parties shall cooperate in good faith to ensure the installation and planting proceeds expediently.

3.  Under the circumstances of this matter, the Court **DECLINES** to impose penalties.  However, movant's costs incurred in this show cause hearing shall be reimbursed by Ms. Harrison. These costs include $73.06 for service and $78.75 for to post-judgment filing fee.  Thus, on or before November 18, 2013, Ms. Harrison shall pay Ms. Silloway $151.81.

This completes the proceedings in this matter.

_____          _____November 12, 2013_____
          Thomas G. Walsh, Judge                                          Date
=======================================================================

Date copies sent to:  _____                        Clerk's Initials _____

Copies sent to:

   Appellant Stacy Silloway
   Appellee Amy Harrison
   FYI Only – George and Maxi Ewins