# STATE OF VERMONT

SUPERIOR COURT                            ENVIRONMENTAL DIVISION
Vermont Unit                                Docket No. 48-4-12 Vtec
                                               Docket No. 183-12-12 Vtec

| |
|---|
| Sanfacon NOV<br>Sanfacon Conditional Use Permit |

## ENTRY REGARDING MOTION

| | |
|---|---|
| Title: | Motion for Contempt (Motion 4) |
| Filer: | John M. Sanfacon |
| Attorney: | Stephen L. Cusick |
| Filed Date: | June 26, 2015 |

| | |
|---|---|
| Title: | Motion for Contempt (Motion 5) |
| Filer: | William D. Pollock |
| Attorney: | Paul S. Gillies |
| Filed Date: | July 2, 2015 |

Response in opposition filed on 07/02/2015 by Attorney Paul S. Gillies for Interested Person William D. Pollock

Response in opposition filed on 07/23/2015 by Attorney Stephen L. Cusick for Appellant Phyllis Sanfacon

**The motions are GRANTED IN PART and DENIED IN PART.**

      This matter relates to Findings and Decision of the East Montpelier Development Review Board (the DRB) upholding a Notice of Violation (the NOV) for John and Phyllis Sanfacon's (the Sanfacons) placement of unpermitted structures and maintenance of an unpermitted junkyard on their 10.8 acre lot on Wheeler Road in the Town of East Montpelier (the Property). On April 10, 2012, the Sanfacons appealed the DRB's decision. On October 11, 2013, the Sanfacons and neighboring landowner William Pollock resolved the matters in Docket Numbers 48-4-12 Vtec and 183-12-12 Vtec by stipulation that became a Judgment Order in this case and serves as a conditional use permit for Appellants' property (the Agreement).

      Now pending before the Court are cross motions for contempt filed by both parties. Mr. Pollock alleges that the Sanfacons have failed to comply with the Agreement by failing to sufficiently erect and maintain stockade fence-style cladding to screen trailers from Wheeler Road and by failing to remove all junk and salvage material stored outside of the trailers. The

Sanfacons allege that Mr. Pollock has failed to comply with the Agreement by entering the Sanfacons' property without permission and by continuing to maintain a website which "references and focuses on the Sanfacons' property."

This Decision follows a July 29, 2015 half-day hearing on the motions at the Washington County Civil Division Courthouse in Montpelier and a site visit, at which all parties were in attendance. The Sanfacons are represented in the matter by Stephen L. Cusick, Esq. Mr. Pollock is represented by Paul S. Gillies, Esq. The Town of East Montpelier is represented by Bruce W. Bjornlund, Esq.

This Court's authority to punish disobedience of its orders is a "creature of necessity" meant to ensure that the Court "has a means to vindicate its own authority." See State v. Stell, 2007 VT 106, ¶ 14 (quoting In re C.W., 169 Vt. 512, 517 (1999)). This power "carries with it implied power to punish for contempt, in so far as necessary to preserve and carry out the . . . authority given." In re Morse, 98 Vt. 85, 94 (1924). The Court may therefore use its inherent powers to find a party in contempt in order to preserve and carry out the authority it has been given.

Civil contempt has the main effect of "depriv[ing] another party to a suit of some right, benefit, or remedy to which he is entitled under an order of the court." Id. at 90; see also In re C.W., 169 Vt. at 517–18 (quoting Morse). Section 122 of Title 12 of the Vermont Statutes Annotated provides for the initiation of contempt proceedings against any party who violates a court order, regardless of whether the case is currently active. 12 V.S.A. § 122. This section does not limit the parties against whom contempt proceedings may be initiated, nor does it limit the persons who may be punished for their actions that are in contempt of a court order. See Vt. Women's Health Ctr. v. Operation Rescue, 159 Vt. 141, 145 (1992); Horton v. Chamberlain, 152 Vt. 351, 354 (1989).

The purpose of a civil contempt remedy is to compel compliance with a court order. Sheehan v. Ryea, 171 Vt. 511, 512 (2000) (mem.). It is within the Court's discretion to fashion an appropriate remedy. See id. (quoting Russell v. Armitage, 166 Vt. 392, 407–08 (1997)). This may include compensatory fines and coercive sanctions, although coercive sanctions must be purgeable, i.e., avoidable by adherence to the court's order. Mann v. Levin, 2004 VT 100, ¶ 32, 177 Vt. 261 (citing Vt. Women's Health Ctr., 159 Vt. at 151); State v. Pownal Tanning Co., 142 Vt. 601, 603–04 (1983). Further, imprisonment can be imposed in appropriate circumstances as a means to compel the party to perform some act ordered by the court. See In re Sage, 115 Vt. 516, 517 (1949); 12 V.S.A. § 123.

The parties' Agreement imposed as a Court Order on October 11, 2013 requires, in pertinent part, the following:

(1) John and Phyllis Sanfacon shall remove all inoperative motor vehicles (not including trailers) from their land, as well as all golf carts and all junk and salvage materials. All trailers currently on property shall remain on property in their current location. No additional trailers or storage containers shall be added to the property. No salvage materials or other materials shall be stored outside the trailers.

(2)   The Sanfacons shall erect and maintain stockade fence-style cladding to screen the trailers from Wheeler Road by cladding the northerly ends and sides and the easterly ends and sides of the trailers on the west side of the "existing drive," so-called, as that driveway is depicted on the John and Phyllis Sanfacon site plan dated 8/2/2012 submitted with their Conditional Use Permit application.   The two northerly most trailers on the east side of the "existing drive" shall have their north sides and east and west ends, if visible from Wheeler Road, clad with the same stockade fence-style cladding.   The cladding shall be unpainted natural wood—if stained, using a wood grained stain or clear stain only—at least as high as the top of the trailer and as low as the bottom of the trailer with no spaces between the fence boards at the time of construction. In the event any of the trailers on the Sanfacons' property remain visible from Wheeler Road despite said cladding, Sanfacons shall add fencing or additional cladding sufficient to eliminate the visible portions of the trailers.   A condition of the Conditional Use Permit shall provide that the trailers shall not be visible from Wheeler Road.

(7)   The removal of all materials required to be removed by the Conditional Use Permit and this Stipulation shall be completed by December 1, 2013.   Erection of the cladding described in paragraph 2 above shall comply with the Conditional Use Permit as amended by the terms of this Settlement Stipulation and shall be completed by August 30, 2014.

(8)   Interested Party and Appellant Pollock shall not enter upon or cause others to enter upon the property of the Sanfacons without permission and shall remove the website that references and focuses on the Sanfacons' property now believed to be located at www.eastmontpelierjunkyard.com.

In the matter now pending before the Court, Mr. Pollock contends that the Sanfacons have failed to comply with the Agreement by (1) failing to sufficiently erect and maintain stockade fence-style cladding to screen trailers from Wheeler Road, and (2) failing to remove all junk and salvage material stored outside of the trailers.   The Sanfacons dispute these allegations and assert that Mr. Pollock has failed to comply with the Agreement by (1) entering the Sanfacons' property without permission, and (2) maintaining a website which "references and focuses on the Sanfacons' property."

Based upon the evidence received during our July 29 hearing, we find that the Sanfacons removed nearly all junk and salvage material outside the trailers from the Property by December 1, 2013 in compliance with paragraph (1).   During our July 29, 2015 site visit, Attorney Gillies asked the Court to observe a wooden spool located close to the entrance of the subject property.   This alone was the only evidence/observation of non-compliance with the provisions of the Order regarding storage of junk and salvage material outside of trailers.   The Court concludes that this single item is of such an insignificant magnitude that it does not warrant further Court consideration or resources.

Based upon the credible evidence introduced during our hearing, we find that the Sanfacons undertook a good faith effort and substantially complied with the obligation in

3

paragraph (2) to erect and maintain cladding to screen trailers, albeit slightly after the deadline of August 30, 2014. Mr. Pollock testified that the cladding installed by the Sanfacons is insufficient as it does not cover the wheels and axels of the trailers. In response, Mr. Sanfacon testified that the stipulation does not require cladding to cover wheels and axels, and that doing so would render the trailers immoveable. The Agreement requires that cladding be "at least as high as the top of the trailer and as low as the bottom of the trailer with no spaces between the fence boards at the time of construction." (Settlement Agreement at ¶ 2, filed Oct. 11, 2013). We conclude that cladding extending to the bottom of the box of the trailer but not to the ground is sufficient to serve the purpose of paragraph (2), which is to ensure that the trailers are not visible from Wheeler Road while still allowing them to be moved.

Mr. Pollock further testified that the cladding is insufficient as it does not cover the rear of the trailers, some of which are visible from Wheeler Road. Mr. Sanfacon explained that he painted the rear doors of the trailers situated so as to be potentially viewable from Wheeler Road in a camouflage pattern to reduce their visibility because cladding would not allow the doors to open.

We find that painting is not contemplated by the Agreement as a means to mitigate the view from Wheeler Road. Based upon the credible evidence, we find that some portions of trailer boxes without cladding are visible from Wheeler Road in violation of the Agreement. (See Exhibits B, C, 3, 3(a), 3(c)). Although the foliage present in the summer months provides adequate screening of the camouflage colored doors, the Court cannot conclude that the camouflage will likewise provide screening in conditions with less dense vegetation. Paragraph (2) of the Agreement requires that "[i]n the event any of the trailers on the Sanfacons' property remain visible from Wheeler Road despite said cladding, Sanfacons shall add fencing or additional cladding sufficient to eliminate the visible portions of the trailers." At present, the camouflage painted doors do not comply with this paragraph. We conclude that pursuant to the terms of the Agreement the Sanfacons must clad, or otherwise conceal with fencing, the rear doors of the trailers that are potentially visible from Wheeler Road. Cladding may be done in a fashion that allows the doors to be opened and closed. This means that some portion of the doors, such as hinges, latch mechanism and the outside framing of the doors, may not be completely covered. This additional cladding must, however, reduce potential visibility in compliance with Paragraph 2 of the Agreement.

Finally, based on the credible evidence presented at our hearing, we find that Mr. Pollock continues to violate paragraph (8) by operating a website referencing the Sanfacons' Property. Although Mr. Pollock removed the website located at www.eastmontpelierjunkyard.com, he continues to reference the Sanfacons' Property on his new website, located at www.government-in-action.org. Mr. Pollock's claim that his new website focuses on his displeasure with the Town does not release him from his obligation to abide by the Agreement. Additionally, we find that Mr. Pollock entered upon the Sanfacons' Property without permission when he walked from the traveled portion of Wheeler Road up to the chain across the entrance of the Sanfacons' driveway to make observations and take photographs. To ensure that he abides by his obligations within the Agreement, Mr. Pollock should stay within the traveled portion of Wheeler Road in the vicinity of the Sanfacons' property.

Thus, the Court concludes that both parties have violated the Agreement and Court Order. Based upon the foregoing, the Parties' Cross-Motions for Contempt are **GRANTED** in part and **DENIED** in part, and we **ORDER** the parties to comply with the Court's October 11, 2013 Order and this decision as follows:

1. By October 1, 2015, the Sanfacons must clad the rear doors now painted with camouflage paint that are potentially visible from Wheeler Road or erect fencing so that those portions of the trailers are not visible from Wheeler Road.

2. Within 10 days of this decision, Mr. Pollock shall remove all references, focus, or pictures of the Sanfacons or their property from any website and shall refrain from adding any references or focus in the future.

3. Mr. Pollock shall not enter upon the Sanfacons' property. To be clear, Mr. Pollock shall therefore not venture beyond the traveled portion of Wheeler Road in the area of the Sanfacons' property.

The motions for contempt are **DENIED** in all other respects. The Court determines that **compensatory fines and coercive sanctions are not warranted** at this time for either parties' failure to comply with the Agreement and October 11, 2013 Court Order.

Electronically signed on August 12, 2015 at 09:15 AM pursuant to V.R.E.F. 7(d).

_Tom Walsh_
_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division


Notifications:
Stephen L. Cusick (ERN 3093), Attorney for Appellant John M. Sanfacon
Stephen L. Cusick (ERN 3093), Attorney for Appellant Phyllis Sanfacon
Paul S. Gillies (ERN 3786), Attorney for Interested Person William D. Pollock
Bruce Bjornlund (ERN 3923), Attorney for Interested Person Town of East Montpelier