VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 24-ENV-00022



| | |
|---|---|
| Town of Pittsford,<br>            Plaintiff,<br><br>            v.<br><br>Travis Bovey and Boondock Motors,<br>            Respondents. | **DECISION ON POST-JUDGMENT<br>MOTION FOR CONTEMPT** |

This is an enforcement action brought by the Town of Pittsford (Town) against Travis Bovey and Boondock Motors (together, Respondents) in relation to violations of Town Permit 21-35 (the Permit), which authorized with conditions Respondents' commercial hauling/trucking and towing services and operation of an autobody shop at property located at 670 Hollister Quarry Road, Pittsford, Vermont (the Property). This action follows an appeal of an April 1, 2022 notice of violation issued to Respondents by the Town in relation to the violations (the NOV), which this Court upheld. See In re Boondock Motors NOV Appeal, No. 22-ENV-00062 (Vt. Super. Ct. Envtl. Div. Jan. 3, 2024) (Walsh, J.). That action established two violations of the Permit. The first related to Respondents' failure to install screening around the perimeter of a portion of the Property, to obtain approval of the final screening by the Zoning Administrator, and to ensure all vehicles, trucking cargo, and other business-related items be kept behind the screen. Id. at 1. The second related to violations of the Permit's hours of operation, which limit the business' use of Hollister Quarry Road to the hours of 7:00 AM and 10:00 PM. Id.

On June 10, 2024, this Court granted the Town's motion for default judgment against Respondents. Town of Pittsford v. Bovey, et al., No. 24-ENV-00022 (Vt. Super. Ct. Envtl. Div. June 10, 2024) (Walsh, J). On July 30, 2024, this Court held an evidentiary hearing to determine penalties and injunctive relief via the WebEx platform. On August 5, 2024, this Court issued a decision ordering Respondents to bring the Property into compliance with Town Permit 21-35 (the Permit) Condition (a) relative to screening within 14 days of the date of this order, to immediately comply with the hours

of operation set forth in Condition (d), and imposing a $100 per day fine, running from April 1, 2022 to July 30, 2024 (761 days) for a total fine of $76,100, with such fines constituting a lien upon the Property.  See Town of Pittsford v. Bovey, et al., No. 24-ENV-00022 (Vt. Super. Ct. Envtl. Div. Aug. 5, 2024) (Walsh, J.) (the August Decision).

On September 16, 2024, the Town moved for contempt against Respondents, alleging that Respondents had failed to comply with any of the requirements of the August Decision and providing an affidavit of the Town Zoning Administrator regarding the ongoing nature of that noncompliance. The Court then noticed a hearing to show cause on the Town's motion.  This hearing was held on December 23, 2024 via the WebEx platform.  Respondents did not attend the hearing.  The Town requests the following relief in holding Respondents in contempt.  Specifically the Town requests an order:

1.	Imposing coercive penalties sufficient to compel Respondent to comply with the August Decision;
2.	Imposing additional fines for the continued violations of the NOV and August Decision beyond July 30, 2024, the date of trial in this matter;
3.	Requiring Respondents to cease business operations until the August Decision is complied with;
4.	Requiring Respondents to pay the Town's reasonable attorney fees incurred by the Town in connection with the pending motion for contempt; and
5.	Imposing any such additional relief the Court deems equitable and just.

Town Motion for Contempt (filed on Sept. 16, 2024).

The Town has provided an affidavit demonstrating that Respondents have not complied with the August Decision and continued to violate the August Decision to the date of the hearing.  This includes failing to erect screening as required by previous permitting and to comply with the certain hours of operation imposed on Respondents.  Respondents similarly have failed to pay the fee imposed upon them by the August Decision.

Pursuant to 12 V.S.A. § 122, contempt proceedings may be initiated against any party that violates a court order, regardless of whether the matter is currently active.  Section 122 does not limit the parties against whom contempt proceedings may be initiated, nor does it limit the persons that may be punished for their actions that are in contempt of a court order. Vt. Women's Health Ctr. v. Operation Rescue, 159 Vt. 141, 145 (1992); Horton v. Chamberlain, 152 Vt. 351, 354 (1989).

Compensatory fines and coercive sanctions may be imposed on a civil contemnor, but they must be purgeable, meaning that they must be avoidable by adhering to the court's order. Mann v. Levin, 2004 VT 100, ¶ 32, 177 Vt. 261 (citation omitted); see also 12 V.S.A. § 122; State v. Pownal Tanning Co., 142 Vt. 601, 603—04 (1983). The Court may also impose imprisonment as a means to compel a party to do some act ordered by the Court. In re Sage, 115 Vt. 516, 517 (1949); see also 12 V.S.A. § 123. This Court has, however, declined to grant a municipality additional nonpurgeable fines under 24 V.S.A. § 4451 for violations following a final order when granting motion for contempt because nonpurgeable fines are impermissible under 12 V.S.A. § 122. Town of Pawlet v. Banyai, No. 105-9-19 Vtec, slip op. at 16—17 (Vt. Super. Ct. Envtl. Div. Feb. 2, 2023) (Durkin, J.); see also Socony Mobil Co. v. N. Oil Co., 126 Vt. 160, 164 (1966) ("[A] contempt proceeding based on the violation of a court order does not open to reconsideration the legal or actual basis of the order so as to result in a retrial of the original controversy.") (citation omitted).[1]

Finally, the Town requests reimbursement of attorney's fees. "Vermont follows the 'American Rule' with respect to attorneys' fees, In re Gadhue, 149 Vt. 322, 327 (1987), and generally does not award fees absent statutory authority or a contractual obligation." Vt. Women's Health Ctr., 159 Vt. at 416. The Supreme Court, however, has affirmed attorney's fees under certain exceptions. Id. In Gadhue, for example, the Court upheld an award of attorney's fees under an exception to the "American Rule" applicable where an individual was forced to enter a second round of litigation to secure a clearly defined right that should have been granted without judicial intervention. See id. at 329 (involving a case where a landowner who prevailed in a zoning appeal against a neighbor was forced to seek an injunction because the neighbor built a structure in violation of the zoning decision).

Following the Court's hearing on the motion for contempt, the Town submitted an affidavit of legal fees demonstrating that it had expended $1,972.60 related to the motion for contempt. While the Court notes that the Town would not have needed to expend this amount if Respondents had complied with the August Decision, the Court recognizes the sizable fines and sanctions that the Court has already imposed upon Respondent in the August Decision, amounting to $76,100 total, see Boondock, No. 24-ENV-00022, slip op. at 6 (Aug. 5, 2024) (Walsh, J.), and the additional large

---

[1] It is for this reason that, to the extent the Town requests it, the Court will not issue an order imposing a $100 per day nonpurgeable fine from July 30, 2024, the date of trial, to the date of this Order or beyond. Instead, the Court fashions a purgeable fine as contemplated by 12 V.SA § 112.

purgeable fines and sanctions imposed by this Order, the Court declines to grant the Town its request for attorneys fees at this time.[2]

The Town's motion for contempt against Respondent is **GRANTED** and Respondent is in **CONTEMPT** of this Court. As such, the Court ORDERS the following.

1. Respondents shall immediately cease operations of its commercial hauling/trucking and towing services and operation of an autobody shop at the Property until it complies with the August Decision and this Order.

2. The Court imposes fines of $100 per day starting from July 30, 2024 and running until all violations are cured, with such fines constituting a lien upon the Property upon filing in the Town Land Records. These fines are purgeable if Respondents meet all deadlines provided below.

a. Respondents shall immediately comply with the hours of operation imposed by Condition (d) of the Permit.

b. On or before May 15, 2025, Respondents shall comply with all screening requirements imposed by Condition (a) of the permit.[3]

Electronically signed this 7th day of January 2025, pursuant to V.R.E.F. 9(D).

Tom Walsh

Thomas G. Walsh, Judge
Superior Court, Environmental Division

---

[2] When compliance is finally achieved or not, the Court may entertain a further motion for attorney's fees, if ongoing efforts and costs to the Town are incurred and such costs are formally presented to the Court.

[3] The Court imposes this extended deadline because Condition (a) requires the installation of fencing and plantings that are impracticable during times when the ground is frozen.