STATE OF VERMONT

SUPERIOR COURT                                              ENVIRONMENTAL DIVISION
                                                            Docket No. 47-4-19 Vtec

| BlackRock Construction LLC ACT 250 |
|---|

## ENTRY REGARDING MOTION

Count 1, Act 250 District Commission Decision (47-4-19 Vtec)

Title:          Motion for Contempt (Motion 8)
Filer:          Lori Marino
Attorney:       Pro Se
Filed Date:     September 30, 2019

Response filed on 10/11/2019 by Attorney Christopher D. Roy for Appellee BlackRock
Construction LLC
         Opposition

**The motion is DENIED.**

Lori Marino appeals Act 250 Permit #4C1315, issued by the District #4 Environmental
Commission to John Evans and BlackRock Construction, LLC (together, Applicants) for a
subdivision and construction project (the Project).  This matter is scheduled for trial beginning on
November 5, 2019.  Before the Court is Ms. Marino's motion to find Applicants in contempt for
violating an order staying construction of the Project during the pendency of this appeal.

The order staying construction, entered on the record at the first pre-trial conference on
May 20, 2019, remains in effect.  It reflects Applicants' voluntary agreement to halt construction
for the duration of this appeal.  Ms. Marino alleges that Applicants have commenced construction
activity and are therefore in contempt of the May 20 order.

12 V.S.A. § 122 provides for the initiation of contempt proceedings against any party that
violates a court order.   This section does not limit the parties against whom contempt
proceedings may be initiated, nor does it limit the persons that may be punished for their actions
that are in contempt of a court order. <u>Vt. Women's Health Ctr. v. Operation Rescue</u>, 159 Vt. 141,
145 (1992); <u>Horton v. Chamberlain</u>, 152 Vt. 351, 354 (1989).  The moving party has the burden of
proving contempt by clear and convincing evidence. <u>Vermont Women's Health Ctr.</u>, 159 Vt. at
146.

Based on the pleadings and record now before us, Ms. Marino has failed to carry that
burden.  There is no doubt that certain activity has occurred at the subject property, but the
evidence fails to show any activity related to construction of the Project after the stay was put in
place.

In her motion, Ms. Marino asserts that she observed construction vehicles "actively
bulldozing trees and land" on September 11, 2019.  She further contends that her experts
discovered "clear-cutting and destruction of fields, trees and foliage" when visiting the property

on September 17, 2019. Ms. Marino has provided photographs which appear to show personnel, felled trees, a small tracked vehicle, and a close-up view of the conditions on a field, all present at the subject property on the dates in question.

Applicants maintain that they have not commenced construction of the Project since the stay went into effect. They contend that any activity on the property involved routine mowing and brush-clearing on existing fields, which has been a historic practice and does not require a permit. Applicants have provided an affidavit from Benjamin Avery, Vice President of Development for BlackRock Construction, LLC, along with a Google Earth photograph and an invoice for mowing work from J. Labrecque. Mr. Avery states that the subject property is currently owned by John Evans, William Savage, and Gail Savage, who hired J. Labrecque to perform mowing during the relevant time period. Mr. Avery further avers that the felled trees shown in Ms. Marino's photograph were cut prior to the May 20, 2019 stay and that all mowing on the property was confined to areas which were mowed in the past.

Applicants have offered credible evidence refuting Ms. Marino's account of construction activity on the subject property. The Google Earth photograph shows that a large portion of the property consists of open fields. The tracked vehicle in Ms. Marino's photographs is pictured in open fields and appears to be the "skid steer" with "6' Brush Mower" listed on the J. Labrecque mowing invoice. Ms. Marino has not provided any evidence of bulldozers or other earth moving equipment on the property, and her photograph of the condition of the fields is consistent with mowing. Ms. Marino has not alleged that she witnessed tree cutting after the stay went into effect, and we find no reason to discount Mr. Avery's statement that the trees were felled at an earlier date.

The Act 250 rules define "[c]ommencement of construction" as:

The construction of the first improvement on the land or to any structure or facility located on the land including work preparatory to construction such as clearing, the staking out or use of a right-of-way or in any way incidental to altering the land according to a plan or intention to improve or to divide land by sale, lease, partition, or otherwise transfer an interest in the land.

Act 250 Rule 2(C)(2).

Ms. Marino has not offered clear and convincing evidence of "work preparatory to construction" or alterations "according to a plan or intention to improve" the land beyond its existing condition. See id.; Vermont Women's Health Ctr., 159 Vt. at 146 (stating the burden of proof). As such, she has failed to show that Applicants violated this Court's May 20, 2019 order staying construction. The motion to find Applicants in contempt is DENIED.

So ordered.

Electronically signed on October 17, 2019 at 03:53 PM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:

Appellant Lori Marino

Elizabeth Lord (ERN 4256), Attorney for Interested Person Agency of Natural Resources

Evan P. Meenan (ERN 1632), Attorney for Interested Person Natural Resources Board

Christopher D. Roy (ERN 1352), Attorney for Appellee BlackRock Construction LLC